## LEMAN H. TALCOTT

### *v.*

## CHARLES DRAPER.

1. CONVEYANCE—*lands of a feme covert—statute of limitations.* Where a husband and wife joined in the conveyance of the wife's land, she holding the fee and he an estate by the curtesy, and after the conveyance was made, a person, under claim and color of title, entered and occupied the land and paid all taxes for seven successive years: *Held,* that the statute operated to bar an entry under either title.

2. FORMER DECISION. This case is distinguished from the case of *Shortall* v. *Hinckley,* 31 Ill. 219. In that case, six of the seven years of limitation had run when the conveyance was made, and another year afterwards, whilst in this, possession was taken and the required acts under the statute were performed after the conveyance was made.

3. MERGER OF TITLES—*fee simple and curtesy.* In a conveyance like the present, both the fee of the wife and the estate by the curtesy merged and became united in the purchaser by the conveyance from the husband and wife. As a general rule, where two estates are conveyed to a person, the smaller is merged into the greater, and especially so when the interests of third persons are not affected thereby.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. GEORGE O. IDE and Mr. MILO KENDALL, for the appellant.

Mr. THOMAS J. HENDERSON and Mr. JOSEPH I. TAYLOR, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This case is similar to that of *Shortall* v. *Hinckley,* 31 Ill. 219, and it is insisted by the counsel for the appellant that that case governs the present. In that case, as in the one before us, the husband and wife had united in a conveyance of the wife's land in which the husband had a life estate as

tenant by the curtesy. The court held that the grantee took the two estates as they were held by the husband and wife, and that he could not recover the life estate of the former because its recovery was barred by the statute of limitations, nor could he recover the fee of the latter, because the husband was still living, and that estate would not accrue until his death.

An essential difference between the two cases is, that in the former one the husband and wife conveyed after the statute of limitations had commenced to run, and while it was running against the husband's life estate; whereas, in the present case, the entire seven years, the full term of limitation, ran after the conveyance by the husband and wife to the plaintiff.

The husband, as tenant by the curtesy, had a life estate in the wife's land, one which he might sell and convey in the same manner as any other life estate. He had the right of possession during his life, and he might have commenced suit and recovered possession in the same manner that other tenants for life recover possession of their estates. The statute of limitations has the same application to it that it has to other estates of that nature. In the case of *Shortall* v. *Hinckley*, six of the seven years of limitation had run against the husband's life estate at the time he and his wife conveyed. His grantee should have brought the suit for the husband's interest within the seven years, but he suffered the remaining one of the seven years to run, whereby, by operation of the statute of limitations, the life estate of the husband became barred and was vested in the adverse possessor, and he then held it in the same manner and with the same rights that he would have had if the husband had conveyed the same to him. *Jacobs* v. *Rice*, 33 Ill. 371.

There are reasons why the doctrine of merger should not apply in such case, and the two estates not be held to merge, by their union, in the grantee. It would not consist with the rule that, when the statute of limitations has once commenced

to run, it will continue to run. The statute had commenced to run against the husband's life estate, and its running could not be arrested by a mere conveyance of the husband and wife.

Six years of the statutory period had run in favor of the adverse possessor, and a merger would impair his right to acquire a bar by the lapse of another year.

It would also deny to the grantee the full benefit of the wife's remainder—the right to take it unaffected by any running of the statute against it up to the time of her conveyance.

As merger is the act of the law, the law will not allow it to take place to the prejudice of any one. In *Gregg* v. *Tesson*, 1 Black, 150, where there was a like decision as in *Shortall* v. *Hinckley*, the husband and wife conveyed also, while the statute was running against the husband's estate.

But in the present case, the conveyance by the husband and wife was made to the plaintiff on the 23d day of April, 1860 —the possession and payment of taxes by the defendant and his grantors were for the years from 1860 to 1867, both inclusive—so that the entire period of seven years ran after both the estates of the husband and wife had been conveyed to, and were united in, their grantee.

As a proposition almost universal, where a greater and less estate come together in one person by the same right without any intervening estate, they will unite in one, the lesser being merged or swallowed up in the greater. 1 Washb. Real Prop. 95. By the conveyance of the husband and wife in this case, the husband's life estate and the wife's remainder were both conveyed to their grantee, vesting in him the entire estate in the land ; and as, at that time, nothing had taken place to affect either one of the estates, we perceive no good reason for thereafter keeping up the distinction of two separate estates. It was evidently a matter of indifference to the grantee, as things then were, whether the merger took place or not—there were no rights or interests of third persons to be prejudiced by a merger.

We are of opinion there was nothing in the case to prevent the operation of the doctrine of merger; and that, from the time of the conveyance, the grantee held the entire interest in the land as one estate, against which the statute of limitations might thenceforth commence to run and become a bar.

The judgment of the court below must be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE LAWRENCE and Mr. JUSTICE WALKER dissenting:

We doubt the correctness of the rule laid down in the case of *Shortall* v. *Hinckley,* cited in the opinion of the court, but we think there is no distinction in principle between that case and the present, and unless that is to be overruled, the judgment in this should be reversed.