CAMERON TOBIN BAKING COMPANY v. THOMAS P. TOBIN and Another.[1]

May 29, 1908.

Nos. 15,578—(144).

**Landlord and Tenant—Action by Lessee.**

A lessee, who has, by means of an instrument in form a sublease, parted with his whole term as to a portion of the premises leased by him, cannot maintain an action in forcible entry and unlawful detainer against the person with whom he has so contracted by virtue of the attempted reservation of a right of entry for breach of the covenant contained in that instrument.

**Assignment of Lease.**

In such a case, what purported to be a sublease was in fact an assignment to a third person of the original lessee's interest in part of the premises.

**Right of Entry.**

A right of entry exists, not as an independent condition, but only as an incident to an estate or interest in the protection of which it is reserved.

Action in the municipal court of St. Paul for the restitution of certain rented premises on account of the unlawful use thereof by the tenant. The case was tried before Hanft, J., who ordered judgment in favor of defendants. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Harris Richardson* and *Harold C. Kerr,* for appellant.

*Todd & Mayo* and *Stan. J. Donnelly,* for respondents.

JAGGARD, J.

The owner of certain premises leased them to the plaintiff in this action. Plaintiff entered into a written agreement by the terms of which it leased the east sixteen feet thereof to one Cameron and defendant Tobin, reserving a rent less than that paid for the whole premises and the right of re-entry for breach of conditions contained in said instrument, but leased the premises for the entire unexpired term of their lease from the owner of the land. On the same day

[1] Reported in 116 N. W. 838.

Cameron and defendant Tobin assigned the lease to the defendant. brewing company to secure advancements made by it to said defendants Cameron and Tobin. On the same day Cameron by written instrument assigned this lease to defendant Tobin, subject to the assignment as security to the defendant brewing company. Subsequently, and after the premises had been fitted up as a saloon, defendant Tobin entered under the agreement, and has ever since been in possession thereof, conducting and operating a saloon. He paid the rent agreed upon under these agreements to the plaintiff. Written notice was duly served by the plaintiff on the defendant to vacate the premises because of breach of condition by selling liquors and by running a disorderly house, contrary to the statutes and to the covenants of the lease. Judgment was granted defendants on the pleadings. This appeal was from an order denying a motion for a new trial.

The question presented by the record is this: Can a lessee, who has by means of an instrument in form a sublease parted with his whole term as to a portion of the premises leased by him, maintain an action of forcible entry and unlawful detainer against the person with whom he has so contracted, by virtue of an attempted reservation of the right of re-entry for the breach of a covenant contained in that instrument?

It is the settled law of this state that: "Wherever a lessee grants or transfers the whole term for which the premises were leased to him, leaving no reversionary interest in himself, it amounts to an assignment, and is not a sublease. This results by operation of law, without regard to the form of the instrument. A mere reservation of rent, or of a right of re-entry for a breach of any of the conditions of the lease, will not change the legal relations of the parties; and the introduction of covenants into the instrument, whatever may be their effect between the immediate parties thereto, does not change the legal effect of giving up the reversion." Craig v. Summers, 47 Minn. 189, 49 N. W. 742, 15 L. R. A. 236. That case does not determine the controversy for either party to this action. The decision, upon a fair construction, is authority for the proposition that here what purported to be a sublease was in fact an assignment of plaintiff's interest to the part of the premises leased by it. In so far as

it decides this point, it is a link in the chain of defendant's reasoning. Plaintiff naturally puts stress on that portion of the opinion in which it is said: "It is also well settled that the same instrument may in law create an assignment of the term, as between the original lessor and the assignee, and also the relation of landlord and tenant between the parties to the second demise. * * * So the right of reentry is not an estate or interest in land, nor does it imply a reservation of a reversion. It is a mere chose in action. When enforced, the grantor is in through the breach of the condition, and not by the reverter." It is not necessary to here determine how far this is consistent with the necessary conclusion from the opinion as a whole, or just what this may mean; for in Ohio Iron Co. v. Auburn Iron Co., 64 Minn. 404, 67 N. W. 221, it was further held that "the right of re-entry cannot exist as an independent condition, but only as an incident to an estate or interest for the protection of which it is reserved." The facts in that case cannot be substantially distinguished on principle from those here presented.

Plaintiff has urged that the Iron Company's case held only that a condition subsequent could not be assigned prior to a breach of its terms. Apart from the subtlety of this criticism, and from our conviction that it will not, if logically carried out, sustain the weight of plaintiff's logic, it is not consistent with the substance of the opinion itself. It is there said, inter alia: "The right of re-entry is not an estate or interest in land, nor does it imply the reservation of a reversion. * * * Humphreys (who, after having made the assignment in the form of a sublease through which plaintiff claimed, assigned or attempted to assign his lease and reversion to defendant) retained no estate or interest whatsoever in the lands demised, and not even the possibility of a reverter remained in him, for the right to re-enter cannot exist as an independent condition. It only exists as an incident to an estate or interest for the protection of which it is reserved." Indeed plaintiff itself finally recognized this, regarded the decision as "ill-considered," and asked that it be, in effect, reversed. This we are unwilling to do.

Plaintiff urges that it had a right to re-enter because of the breach of a covenant which constituted a condition subsequent, and that the rule in this state, as here interpreted, failed to recognize the existence

of the relation of landlord and tenant between the original landlord and the assignee, and also between the original lessee and the assignee, if that was the intention. Even if the question were de novo, with greatest difficulty only could the necessary conclusion from these premises be reconciled with general legal analogies or with common sense. For, of necessity, on such a hypothesis, the right of entry would vest in two persons on breach of the covenant, viz., in the owner of the premises and in his lessee, who had assigned all his estate to the part of the premises involved. In consequence, the tenant in possession, on breach of covenant, would be subject at the same time, for the same wrong, in the same court, in the same form of action, to answer two different persons entitled to possession of the premises leased to him. There is no force in plaintiff's appeal to the analogy of an equitable and reversionary interest in a debtor who has assigned his property for the benefit of his creditors. It has been determined in this state that there is no reversion in a lessee who has parted with his entire estate. However, that there may be reasons, and that there are authorities in other jurisdictions which support plaintiff's theory, none the less the previous decisions of this court on this point deny its position. The rules thus announced have become rules of property. No adequate cause for disturbing them has been pointed out. Plaintiff has parted with its entire interest. It did not avail itself of the simple means of protection provided by law, viz., the retention of an interest, for however short a time, to which the right of re-entry for condition broken would have been an incident. Having so acted, it must submit to the operation of legal rules upon the course of action it pursued.

Affirmed.