SHIPPLETT CONCRETE COMPANY v. PIEDMONT TRACTION COMPANY
AND PIEDMONT AND NORTHERN RAILWAY COMPANY.

(Filed 14 May, 1919.)

1. Contracts—Words Employed—Effect—Interpretation.

The effect of a written contract, as gathered from its terms, will control whatever the parties thereto have therein otherwise called it.

2. Same—Railroads—Transfer of Contract—Substitution of Contractors—Waiver—Parties.

A contract for the building of a bridge for a railroad company provided that the contractor shall not sublet or transfer it or any part thereof without the written consent of the civil engineer, and that any extension of time given by the railroad company beyond that specified would not relieve the contractor for damages caused by his failure to have then completed it. The contractor, with the knowledge of the railroad, and as gathered from the written terms, transferred his contract and all rights thereunder to the plaintiff, who was independently and diligently prosecuting the work when stopped by the railroad company, the defendant, and the plaintiff now sues to recover the consequent damages for the defendant's breach: *Held*, the written consent of the engineer was waived by the defendant under the circumstances, and though the parties to the transfer used the terms "subcontractor" and "sublet" therein, it was in legal effect a substitution of the plaintiff for the original contractor and makes the plaintiff the real party in interest.

APPEAL by defendants from *Adams, J.,* at February Term, 1919, of MECKLENBURG.

The plaintiff recovered judgment for damages for breach of contract against the defendant railroad company. The plaintiff sued as the assignees of the contract which said railroad company had made with Porter & Boyd Co. for building a railroad bridge across the Catawba near Mount Holly.

In the flood of 1916 the defendant's railroad bridge at that point was washed away, and in August, 1916, it contracted with Porter & Boyd to reconstruct the concrete piers and abutments upon which the bridge was to be rebuilt which, according to the contract, was to be completed within 110 working days from the date of the contract. It is admitted that this time expired on 20 January, 1917.

The contract provides that "The said contractor shall not sublet or transfer this contract, or any part thereof, to any person (except for the delivery of material) without the written consent of the engineer"; and further, it was agreed and understood that "if the contractor shall not complete said work within the time herein specified, and the company shall, notwithstanding such failure, permit said contractor to proceed with or complete said work as if such time had not elapsed, such permission shall not be deemed a waiver in any respect by the company

of any forfeiture of any liability for damages or expense thereby incurred, arising from such noncompletion of such work within the time specified, but such forfeiture or liability shall still continue in full force against said contractor as if such permission had not been granted." The contract further contained the usual provisions under which the work might be taken over upon the certificate of the engineer that the contractor was in default or not properly proceeding with the work, etc.

Porter & Boyd began the work and continued on it till 11 November, 1916, when they entered into a contract on that date with the plaintiff company, who continued the work. The plaintiff company contends that by virtue of this contract it became the assignee of the Porter & Boyd contract and fully performed it, and is entitled to recover in this action against the defendant. The latter contends that the plaintiff company was a subcontractor under Porter & Boyd and as such is not entitled to maintain this contract; and further, that if the contract was assigned to plaintiff it failed to perform the same and finally abandoned the work.

The jury found upon the issues submitted that the defendant railroad company knew of the terms of the contract between Porter & Boyd and the plaintiffs, and assented that the plaintiff company should take over the contract between the defendants and Porter & Boyd and complete the same without the written consent of the engineer, and that by consent of the defendant railroad company the time was extended for the performance of the contract as alleged in the complaint, but the defendant wrongfully and unlawfully terminated said contract whereby the plaintiff was entitled to recover $11,464.44, with interest at 6 per cent from 6 February, 1917. The jury allowed the plaintiff no profits on the unfinished work.

Judgment was rendered in accordance with the verdict, and the defendant railroad company appealed.

*Clarkson, Taliaferro & Clarkson, Archibald Robertson, Tillett & Guthrie for plaintiff.*
*Osborne, Cocke & Robinson for defendants.*

CLARK, C. J. The jury find upon the oral testimony, which is uncontradicted, and upon the written evidence as well, that the plaintiff took over the contract between Porter & Boyd and the defendant with the full knowledge and consent of the defendant railroad company. It also appears in the evidence that the plaintiff actively engaged in executing the contract, working day and night with all the force and machinery that could reasonably be employed; that the defendant railroad company expressly agreed to an extension of time, but afterwards unlaw-

fully terminated the contract and ejected the plaintiff from the premises.

The first two issues as to execution of the contract between Porter & Boyd and the railroad company, and later between Porter & Boyd and the plaintiff, were answered "Yes" by consent. The jury found, in response to the third issue, that the defendant railroad company, being informed of the terms of the contract between Porter & Boyd and the plaintiff, assented that the plaintiff should take over such contract from Porter & Boyd and complete the work without written consent of the engineer. There was evidence to justify this finding and also to support the verdict on the fourth issue that the railroad company agreed with the plaintiff to extend the time within which the work was to be completed, as alleged in the complaint. Indeed, the evidence on this point was not contradicted. The fifth issue, that the defendant railroad company, in violation of the agreements found in the third and fourth issues, wrongfully and unlawfully terminated in the contract, was uncontradicted. The estimate of the damages was based by the jury upon evidence.

The chief controversy as to the law is based upon the refusal of the court to charge that the contract between the plaintiff and Porter & Boyd made the plaintiff a subcontractor. This is the main proposition presented by the defendants in this Court.

The contract recites that Porter & Boyd "sublet the masonry and other work required for the reconstruction of the bridge" to the plaintiff "on the terms and conditions enumerated in the contracts between said Porter & Boyd and the railroad company," and that said Porter & Boyd turned over all the material and appliances of every kind on the premises to the plaintiff and all vouchers, and the plaintiff agreed to pay for the use of the equipment and material thus turned over, and for the work already done by Porter & Boyd, the sum of $8,000. In consideration of which the said contractors (Porter & Boyd) agreed to turn over to the said subcontractor (the Shipplett Concrete Company) the entire amount set out in the contract "between said Porter & Boyd and the defendant railroad company for the construction of said work."

It is true that the contract between Porter & Boyd and the plaintiff designated the latter as "subcontractor" but the contract shows that the word "sublet" is used in the place of the word "assign." A contract is what its terms make it and not what the parties style it. The terms of this contract made it a complete assignment and transfer of all of Porter & Boyd's interest in the work, and put the plaintiff in their shoes. The contract turned over all the work to the plaintiff and the plaintiff was to receive all the pay. The defendant railroad company, with knowledge of this contract, assented that the plaintiff should take over the work and complete it, and agreed to an extension of time.

In *Ormond v. Ins. Co.,* 145 N. C., 140, the Court said: "No particular form of words is essential to effect an assignment. . . . An assignment is substantially a *transfer,* actual or constructive, with clear intent at the time to part with all interest in the thing transferred, with a full knowledge of the rights so transferred."

In *Temple Co. v. Guano Co.,* 162 N. C., 87, *Mr. Justice Walker* said: "We must search for the purpose in the instrument and be governed by its language, it is true, but it should not be subjected to any strained or narrow construction, for he who stops at the letter goes but skin deep into the meaning."

By analogy, 1 Wood Landlord and Tenant, 714, says: "If the tenant parts with the demised premises for the whole of the term, although his deed purports to be an under-lease, yet it is in legal effect an assignment."

In *Cameron-Tobin Co. v. Tobin,* 104 Minn., 333, it is held: "Wherever a lessee grants or transfers the whole term for which the premises are leased to him, leaving no reversionary interest in himself, it amounts to an assignment and is not a sublease. This results by operation of law, without regard to the form of the instrument. . . . Here what purported to be a sublease was in fact an assignment of plaintiff's interest to the premises leased by it."

Under the contract the plaintiff was to do the work and was to get the pay. Porter & Boyd agreed that they would "turn over to the subcontractors the entire amount set out in the contract." If the vouchers were made out in the name of Porter & Boyd, this contract required them to turn these vouchers over to the plaintiff, which the evidence shows that they did.

The fact that the plaintiff, under its contract with Porter & Boyd, was to receive all the pay and that the defendant railroad company, with knowledge of said contract, assented thereto and extended the time makes the plaintiff the real party in interest. The fact that the words "subcontractor" and "sublet" were used does not alter the legal effect of the transaction by which the plaintiffs became in effect entirely *substituted* for Porter & Boyd in completing the work.

No error.