## Consolidated Coach Corporation v. Consolidated Realty Company.

(Decided June 16, 1933.)

(As Modified on Denial of Rehearing Dec. 15, 1933.)

STOLL, MUIR, TOWNSEND & PARK, and GORDON, LAURENT & OGDEN and T. M. GALPHIN, Jr., for appellant.

DAVID R. CASTLEMAN for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellee, plaintiff below, Consolidated Realty Co., is the owner of certain real estate and improvements thereon located at Nos. 209-221, W. Guthrie street, Louisville, Ky.

In January, 1926, it leased this property to the Saunders-Heater-Mitchell Co. for a term of five years, beginning January 1, 1927, the date upon which the lessee (defendant) as tenant went into possession of said premises, and ending December 31, 1931.

The lessee, Saunders-Heater-Mitchell Co. (hereinafter referred to for sake of brevity as the Saunders Co.), by the terms of its contract of lease promised to pay its lessor, the Consolidated Realty Co., as rent for the premises throughout the lease term the sum of $12,000 per annum, in equal monthly cash payments, and in addition thereto, as a part of the rental of said premises, to pay when due all taxes levied on said property during the period of the lease, together with the premiums on fire insurance on said premises to the extent of $60,000 and tornado insurance to the extent of $30,000. It was further provided by the terms of the lease that the property was to be used as a garage, automobile salesroom, repair shop, office, and "Drive-It-Yourself" business.

Thereafter, in October, 1927, the Saunders Co. entered into a written contract with the appellant (defendant below), Consolidated Coach Corporation, whereby it leased to the coach corporation said premises for the balance of the term of its aforesaid lease had with the appellee realty company, and under which lease contract the appellant coach corporation went into the

possession and occupancy of said premises on December 15, 1927, and continued in the possession and control of the entire premises for the unexpired term ending December 31, 1931.

It was stipulated in this Saunders lease to the appellant coach corporation that it should pay its lessor, the Saunders Co., therefor the agreed annual rental of $12,000, with the right of re-entry in the lessor in the event of the default in its payment. It was further provided that its lessee, the appellant coach corporation, could never use the premises for a "Drive-It-Yourself" business, nor could any of its subtenants do so, while its lessor, the Saunders Co. (original lessee of the plaintiff realty company), assumed entire liability for and agreed to pay all taxes levied upon the property during the period of its sublease and all premiums for fire and tornado insurance, as provided in the original lease.

The appellant coach corporation, after entering into this lease contract with the Saunders Co., did in May, 1930, enter into a contract with the defendant W. A. Mitchell, trading as the Guthrie Garage, whereby the appellant coach corporation sublet and leased Mitchell the said premises for the balance of the term of the original lease as made by the plaintiff realty company with its original lessee, the Saunders Co.

Thereafter, the original lessee, the Saunders Co., became insolvent, and permitted that part of its agreed rental due under its original lease with the realty company, covering the payment of state, county, and city taxes levied and becoming due on the leased premises January 1, 1929, and afterwards, to go and remain unpaid, when its original lessor, the appellee Consolidated Realty Co., filed its action in the common pleas branch of the Jefferson circuit court against the subtenant or assignee, Consolidated Coach Corporation, for the amount of these taxes, interest, and penalties owing on the property in the sum of $7,996.81 under the terms of the original lease.

To this action, the appellant Coach Corporation (defendant below) filed its answer denying its liability therefor, and pleaded the terms of its sublease had with its lessor, the Saunders Co., whereby the latter, as a part of its subrental contract, had agreed with it to pay

all taxes and insurance premiums, in bar of the action instituted against it.

To this plea of the answer the lower court sustained plaintiff's motion to strike and its general demurrer, when appellant (the defendant) filed its amended answer, in which it alleged that it had, when entering into the sublease contract with the Saunders Co., first exhibited the same to the plaintiff realty company for approval of its terms and received its consent to the subleasing of the property to it upon the terms therein recited, and providing that the original lessee, Saunders Co., its lessor, only was to remain liable for and pay, as agreed between them, the taxes and insurance premiums accruing during the lease term upon the leased premises, and pleaded such agreement as an estoppel and additional ground of defense to appellee's petition.

The affirmative allegations of the amended answer were by agreement controverted of record.

On May 18, 1931, the case was tried, when the jury, after hearing the evidence and argument of counsel, and under the instructions as given by the court, returned a verdict in favor of the plaintiff, Consolidated Realty Co., for the amount of taxes as sued for, upon which judgment was entered.

Defendant's motion and grounds for a new trial being overruled, it prosecutes this appeal, seeking a reversal of that judgment.

The appellant, by the very excellent and scholarly brief of its counsel, bases its appeal for reversal of this judgment upon the proposition that under the law of Kentucky, a landlord in an action at law can only recover against a sublessee such an amount of rent as the sublessee has agreed by its sublease contract to pay to its lessor, the original lessee, and claims that here the status of the appellant coach corporation is clearly shown by the record before us to be that only of a sublessee of its said tenant, and holding as such under the express terms of the lease executed it, by the Saunders Co. in 1927 as described supra.

In support of this contention, appellant argues that it is only a sublessee rather than an assignee of the original lease had by its lessor, with the appellee realty company, for the reasons, it insists: (1) That there

was no contractual assignment by the Saunders Co. of its original lease; (2) that the entire term of the original lease was not transferred, assigned, or sublet to it; (3) that under the terms of the alleged sublease executed it by the Saunders Co., it was made its contractual duty to surrender the premises at the end of the term to appellant's immediate lessor, rather than to the plaintiff realty company, the original lessor; (4) that there was reserved to its lessor in the sublease the contractual right of re-entry and recovery of possession if the sublease should become void and forfeited; and (5) that all of the original lessee's right or estate in the tenancy did not vest, under the terms of the sublease, in the subtenant. While agreeing in the main with appellant's conclusion that appellant would be a sublessee rather than assignee of the lease under such conditions as named we do not find appellant's claim, thus made, sustained by the record.

We will first consider appellant's contention that by reason of such differences alleged to exist between the terms of the original lease and those of the sublease executed it, that it clearly did not become an assignee of the original lease, and therefore did not under the rules as announced become liable for or responsible to appellee for the performance and satisfaction of the rent covenants contained in the original lease made the Saunders Co., but only for those of its own immediate lease.

It is well settled and clearly established, as stated by appellant, that the common-law rule as to this is that an assignee of a lease of a tenant is liable to the landlord for the rent contracted for in the original lease but that a subtenant is not. This distinction in law between the liability of the assignee of a lease and a subtenant thereof is thus clearly and accurately, we conceive, stated in Jones on Landlord and Tenant, sec. 445, p. 505:

"The former [an assignee of the lease] is personally liable to the landlord for all the covenants and conditions imposed upon the lessee, while the latter [a sub-tenant] is liable only to the lessee, who is alone responsible to the landlord. An underlease vests only a partial estate in the second lessee, a reversion being left in his lessor; whereas, an as-

signment transfers the whole interest of the first lessee to the assignee. The test is whether the grant leases a reversionary interest in the assignor or operates to transfer his entire term. The essential nature of the conveyance is not effected by the particular words employed, and though the instrument purport to be a lease or demise, it may still be an assignment.''

This suit was brought to recover rent as represented by those taxes that had been levied upon the leased property after the appellant coach corporation took possession of it in December, 1927, and which it was stipulated in the original Saunders Co. lease would be paid by it ''as a part of the rental of the aforesaid premises.''

Appellant contends, however, that, inasmuch as under the terms of its sublease between it and its lessor, the Saunders Co., it was expressly stipulated that the tax part of the rent would be paid by the Saunders Co., and was not assumed by it, that therefore it is not liable under the rule stated supra for the payment of this rent tax to the original lessor, the appellee realty company.

On the other hand, appellee contends that, inasmuch as the appellant by the terms of its sublease took over the use and possession of the entire property for the entire unexpired term as provided for in the origi. nal lease, appellant thereby became the assignee rather than the sublessee thereof, and therefore under the applicable rule, supra, is liable to the appellee realty com. pany for the full performance of its rent covenants, regardless of what private agreements the appellant may have made with its lessor, the Saunders Co., as to the division between them of the stipulated tax rent payments.

It thus seemingly is admitted by the parties that, independently of the provisions of section 2305 of the Statutes dealing with the landlord's right to alike col. lect and enforce its rent claim thereunder against his assignee or under tenant, as ''subjects of liability on the same terms,'' to which we shall later herein refer, the only question we will now consider as here presented for our review is the one as to whether or not the appellant coach corporation became, under this

termed sublease agreement, made by it with the lessee Saunders Co., an assignee of the original lease or thereby remained but a subtenant of its immediate lessor, the Saunders Co.

The applicable rule of law for the determination of this question, as well as the reasons supporting it, is further stated by the same learned author in section 445, p. 505, as follows:

"When a lessee assigns his interest in the whole or a part of the demised premises for the residue of the unexpired term, the assignee is substituted in place of the original lessee as tenant. But where the demised premises are let for a part only of the unexpired term, the new tenant is only a sublessee, and is not a tenant to the landlord.

"It is well settled that the common law gives the lessor no right of action on any of the covenants of the original lease against the sub-tenant or under-lessee because there is no privity of contract between the lessor and the sub-lessee and because there is no privity of estate."

And further, in the following section 446, it is said:

"An underlease for the whole term is an assignment. Technical terms or special words are not necessary to an assignment; any language which shows the intention of the parties to transfer the property from one to the other is sufficient. The form of the instrument being immaterial, if it has the legal effect to pass to another the lessee's interest in the whole or in any part of the demised premises for his entire term, or the remainder of his term, it is an assignment. Although by the underlease, a rent exceeding the original rent is reserved, and it is expressly stipulated that the so-called undertenant shall hold as tenant of his grantor, he is nevertheless in law the tenant of the original lessor. * * * A sub-tenant is one who leases all or a part of rented premises from the original lessee for a term less than that held by the latter, and in that case the lessee retains a reversionary interest. * * * The distinction between an assignment and a sub-lease depends solely upon the quantity of interest which passes and not upon the extent of the premises transferred. * * *

"But it is also well settled that the same instrument may in law create an assignment of the term, as between the original lessor and the assignee, and also the relation of landlord and tenant between the parties to the second demise."

As appellant admits its liabilty, if shown by the record to be an assignee of the Saunders Co. lease, we turn to its brief to discover upon what ground it seeks to escape such liability as being only a subtenant thereunder. It there states that:

"At the very outset, we desire to call the court's attention to the fact that the appellant, Consolidated Coach Corporation, is a sub-lessee, and not an assignee, of the appellee, Consolidated Realty Company. * * * The period of duration of the sublease is not identical with that of the orignal lease; the original lessee does not convey to the sub-lessee all the interst in said estate which it received under the original lease; the entire rental is to be paid by the sub-lessee directly to the original lessee, who reserves the right of forfeiture and reentry, and the original lessee distinctly and positively undertakes to pay all taxes and cost of insurance as between it and the sub-lessee."

In answer to these contentions presented by appellant, we would say that the record clearly shows that the appellant coach corporation took over, under the terms of its Saunders Co.'s lease, the entire unexpired term of its original lease extending from December 1, 1927, to the day of its expiration, December 31, 1931, and did also take over and occupy thereunder the entire premises demised alike by both the original lease and the sublease and held same free from any reservation by its lessor of any interest or estate therein. As shown by the statement of the rule, as quoted and cited supra, the fact that by the underlease a rent is reserved different in its amount from that stipulated in the original lease, even though stipulated that the undertenant shall hold as tenant of his grantor, he is nevertheless the tenant of the original lessor, where the underlease provides for the transfer of the whole property for the residue of the whole term, as was here the case. But appellant contends that what it is pleased to term the sublease was not to be regarded as a lease assignment

by the Saunders Co. to it, in that all of the Saunder's Co.'s lease estate or interest, as the original lessee of the property held and rights under its lease with the appellee Realty Company, was not transferred or conveyed in full by it to the appellant, in that by the original lease, the lessee Saunders Co. was given the free and unrestricted right to use the leased property and premises "as a garage, automobile sales room, repair shop and office and for *an automobile drive-it-yourself business*," while by the lease of October, 1927, from the Saunders-Heater-Mitchell Company to appellant Consolidated Coach Corporation it was provided that these premises were to be used "as a garage, automobile sales room, repair shop, office and as an automobile bus station," but that it was specifically understood, however, that "said premises while so used by lessee shall not be used, occupied, or operated as a business wherein is conducted what is ordinarily known as the 'drive-it-yourself' business, and this same condition shall apply to any subtenants of the lessee herein."

Appellant contends that this restriction upon the use by appellant of the premises leased him, even though resting only upon the personal agreement therefor between the appellant and its lessor, the Saunders Co., was, nevertheless, such a restriction as operated to deprive the appellant of this specific use of the property, or right to operate the one particular business in the leased premises, which was possessed by its lessor under the original lease and therefore served to prevent the parties' lease contract of October 27 from constituting an assignment of the original lease, upon the ground that to constitute an assignment of lease, the interest of lessor had in the leased premises under the original lease must be wholly conveyed or granted the lessee. We are unable to concur with appellant's attempt to thus apply this stated and admitted rule to the facts here shown by the record as defeating the assignment by Saunders Co. of its lease, upon the alleged ground that it did not part entirely with its leasehold right thereunder. The Saunders Co., by its agreement had with appellant that the property leased should not be used by appellant for this particular use, did not thereby withhold or reserve unto itself any right to so use or to in any wise use the property itself, nor by reason of such agreement made with appellant did it

reserve or retain in itself any interest or estate in the property, which before assignment it held under the original lease. Further, even if the restrictive covenant became one binding upon appellants and its subtenants not to use the property for such restricted "drive-it-yourself" purpose, because by their special agreement inhibited, such covenant was restrictive, only by reason of their personal agreement expressly so providing, and not by virtue of any right or interest in the lease, retained or reserved by its assignor, the Saunders Co., out of its general leasehold rights held under its original lease, nor was such restrictive covenant one effective or binding upon any other assignee of the lease without its again being made so by such second assignee, so personally agreeing to forego the exercise of such right to use the premises held by it as assignee of the original lease for each and every use given and allowed under it. As such we conclude was the nature and effect of the restrictive covenant by the parties here made, it became only an agreement, personal and additional to their contract of lease assignment. It was therefore, for the reasons stated, ineffectual as a withholding or reservation in himself by lessor of any interest or estate held by it in the original lease assigned appellant, and therefore the restriction based only upon this personal agreement between the appellant and the Saunders Co. was one which would not extend to or become binding upon any succeeding assignee of this original lease, who did not make it so by reason of his making a further like restrictive personal agreement with his lessor abridging and surrendering the right as an assignee to use the property for a "drive-it-yourself" business, just as the appellant personally agreed not to exercise during the lease term assigned it, and therefore same was not a reservation by lessor of an interest in the lease assigned it, but only an agreed restriction, personal to appellant or its subtenant, and resting upon its personal agreement rather than upon any reservation of estate or interest in the lessor in the lease or leased premises.

Under the terms of the lease in question, it is expressly stipulated that accruing taxes upon the leased property shall be paid as a part of the rent and, being thus made a part of the rent, their payment became, upon the default and breach of this covenant by the

Saunders Co., the obligation of appellant as assignee of the original lease, which it must pay.

"An assignee of the leasehold is in privity of estate with the lessor and is liable to him personally for the breach of the lessee's covenants which are annexed to and run with the leasehold and which are broken while he holds the leasehold estate." 16 R. C. L. sec. 349; Consolidated Coal Co. v. Peers, 166 Ill. 361, 46 N. E. 1105, 38 L. R. A. 624; Farrington v. Kimball, 126 Mass. 313, 30 Am. Rep. 680; Bell v. American Protective League, 163 Mass. 558, 40 N. E. 857, 28 L. R. A. 452, 47 Am. St. Rep. 481.

Therefore, the question as to whether or not the appellant is liable to the appellee realty company for the payment of these taxes brings us back to the first question considered by us as to whether or not, the appellant, under the facts shown by the record, thereby became an assignee of the Saunders Co.'s original lease or only its sublessee thereunder.

The rules for the determination of this question were further announced, in addition to the very ample text statement thereof as above quoted, in the case of Sexton v. Chicago Storage Co., 129 Ill. 318, 21 N. E. 920, 16 Am. St. Rep. 274, as follows:

"The more recent English decisions, and all of the text-books treating of the question which have been accessible to us, hold that, where all of the lessee's estate is transferred, the instrument will operate as an assignment, notwithstanding that words of demise instead of assignment are used, and notwithstanding the reservation of a rent to the grantor, and a right of re-entry on the non-payment of rent or the non-performance of the other covenants contained in it."

And further, in Stewart v. Long Island R. Co., 102 N. Y. 601, 8 N. E. 200, 201, 55 Am. Rep. 844, the court said:

"The rule is well settled that if the lessee parts with his whole term or interest as lessee, or makes a lease for a period exceeding his whole term, it will, as to the landlord, amount to an assignment of the lease; and the essence of the instrument as an assignment so far as the original lessor is con-

cerned, will not be destroyed by its reserving a new rent to the assignor, with a power of re-entering for non-payment, nor by its assuming, by the use of the word 'demise' or otherwise, the character of a sublease; and the assignee, so long as he continues to hold the estate, is liable directly to the original lessor on all covenants in the original lease which run with the land, including the covenant to pay rent. * * * The fact that the lease to the defendant reserves a different rent from that reserved in the original lease, with a clause for reentry, cannot affect the question as between the parties to the present controversy, of its operating in law as an assignment of the term.''

And in Cameron Tobin Baking Co. v. Tobin, 104 Minn. 333, 116 N. W. 838, 839, where a lessee demised a part of the premises for the unexpired term at a less rent than in the lease to him, the court answered in the negative the following question:

''Can a lessee, who has by means of an instrument in form a sublease parted with his whole term as to a portion of the premises leased by him, maintain an action of forcible entry and unlawful detainer, against the person with whom he has so contracted, by virtue of an attempted reservation of the right of re-entry for the breach of a covenant contained in that instrument?''

We do not find that this court has directly passed upon this question, though in the case of Cox v. Fenwick, 4 Bibb, 538 (decided before the enactment of section 2305 of the Statutes, supra), the court said:

''For the defendant it was contended in argument that he was but a sublessee, and not an assignee, because the whole of the premises demised to the original lessee was not transferred to him. But whether the whole premises are transferred or not, does not constitute the true ground of distinction between a sublessee and an assignee; for if the lessee transfer the whole of the demised premises, but only for a part of the term, he to whom the transfer is made is but a sublessee, and not liable to the original lessor [2 Bac. Abr. 72]; whereas if the lessee transfer only a part of the premises for the whole term, the person to whom the transfer is

made is considered an assignee of the part transferred to him, and liable accordingly to the original lessor.''

In view of the conclusion we have reached, that the appellant is by the record shown to have been, under the common-law rule as announced in the quoted text and cases supra, an assignee of the Saunders Co. lease and was as such bound by the covenants of the original lease to pay the full rent, including the payment of taxes as therein provided for, it becomes unnecessary to pass upon the conflicting contentions of the parties hereto in regard to what is the proper construction and effect of section 2305 of the Kentucky Statutes; that is, whether its purpose and effect is to place a lessee, his assignee, and under tenant all under the same liability to pay the landlord his rent as provided for in his lease for the duration of their respective occupancies of the leased property, or whether, as contended for by appellant, the Legislature in the enactment of this section of the statute was concerned chiefly with the matter of only extending the remedies of the landlord so as to provide him the same procedural rights for the recovery of his rent against the subtenant as he had against the tenant or the tenant's assignee, leaving the contractual relations of the parties to determine the extent of the obligations which might be enforced or collected against them by these remedies provided.

Appellant complains of the decision of the learned trial court as erroneous in interpreting the statute as imposing a like liability on both sublessee and assignee or in giving a different construction to this section of the statute from that contended for by it. The lower court, in its written opinion delivered in this cause, in referring to its interpretation of this statute, thus stated his construction of it:

''It seems to the court that our statute eliminates this distinction by naming both as subjects of liability on the same terms. Not only does the heading of the statute refer to 'liability of assignee or undertenant,' but the provision therein for the same remedies imports liability, in the absence of which there is neither remedy nor occasion for one.''

We do not, however, deem it necessary to here de-

·cide the question as to what is the effect of this statute as between the opposing contentions made by the parties as to this, as same is not required by reason of our conclusion that the appellant was here an assignee of the original lease, since, if such is held to be its status it is admitted by appellant that it should be then adjudged bound by the rent covenants of the original lease, herein sued upon.

From this it follows that, such being the holding of the trial court, and thus in accord with our conclusion, even if based upon a different ground, its judgment should be, and it is, affirmed.