ROSENBERG INVESTMENT & REALTY TRUST, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81963.   Promulgated October 28, 1938.

*Alfred Beck, Esq.*, for the petitioner.
*B. M. Brodsky, Esq.*, for the respondent.

OPINION.

Arnold: Despite the complicated nature of the facts herein, this proceeding presents a question which can be stated in simple terms, namely, whether there has been such a merger of estates as to deprive the petitioner of the right to amortize the cost of its leasehold. Briefly stated, the question arises by virtue of a lease of the Mann property to the S. Rosenbaum Co., whose interest was thereafter

acquired by Viola B. Rosenbaum. Viola B. Rosenbaum subleased to Trust No. 160, and the latter subleased to Wieboldt's, thus completing the chain of title as to the leasehold estates. After the foregoing leases had been executed, the fee to the Mann property was acquired by Trust No. 170. It is stipulated that the petitioner became the sole beneficiary of Trust No. 160 and of Trust No. 170, the former holding the leasehold estate and the latter the fee to the Mann property. The petitioner was created by members of the Rosenberg family, and it was to their interest to see that the petitioner became the beneficial owner of the leasehold estate of Trust No. 160, and the fee estate of Trust No. 170. The parties, however, have stipulated that Trust No. 160 and Trust No. 170 were mere naked trusts, with no duties or activities, and each party proceeds on the theory that petitioner was the actual owner as well as the equitable owner of the leasehold and fee estates. Therefore, it would seem to require no particular comment on our part to justify our considering the issue as though petitioner was the actual owner of the leasehold estate and of the fee simple title to the Mann property, and our discussion of the problem will be premised upon this conclusion.

It is petitioner's contention that its leasehold estate was not merged in the fee later acquired, because its leasehold estate was subject to a substantial outstanding estate in a third party, namely, Viola B. Rosenbaum; that the law will not permit a merger of a leasehold estate with a fee simple estate where there is any intervening estate; and that practical considerations of accounting, conveyancing, and financing indicate the injustice which results from the respondent's refusal to allow petitioner to amortize the cost of its leasehold estate. The petitioner relies upon *Wisconsin National Bank*, 4 B. T. A. 109; *Talcott* v. *Draper*, 61 Ill. 56, 58, and the legal definitions regarding the merger of estates which are hereinafter discussed.

The respondent, while recognizing the force and effect of these legal definitions, denies that this petitioner is entitled to amortize the cost of its leasehold because, as a matter of substance, the petitioner is seeking to act both as landlord and as tenant to the same property. Respondent contends that petitioner's position is based upon a fiction of law and that petitioner justifies its position because of the necessity of exactness in dealing with questions involving interests in real property. Respondent urges that taxation is a practical matter which is not so much concerned with refinements of title as it is with the actual command over the property taxed, and that, if consideration be given to substance rather than to form, petitioner has no right to amortize the cost of a leasehold estate in which it has acquired the fee simple title. The respondent points out that

*Wisconsin National Bank, supra,* is distinguishable from this case because there the taxpayer possessed only a part of the fee, and there were substantial and not merely fictional outstanding interests preventing the merger. He urges that this proceeding is controlled by our decision in *Henry Boos,* 30 B. T. A. 882.

The rule with respect to the merger of a lesser estate with a greater estate is stated by Bouvier's Law Dictionary, 3d Ed., vol. 11, p. 2197, as follows: "When a greater estate and less coincide and meet in one and the same person, without any intermediate estate, the less is immediately merged, that is, sunk or drowned, in the latter; but they must be in one and the same person at one and the same time, in one and the same right [citing cases]."

The rule is stated in 21 Corpus Juris, 1035, as follows: "In order that there may be a merger it is essential that there be at least two distinct estates, a greater and a lesser, meeting in the same person, or class of persons, at the same time and without any intervening estate, * * *."

The leading case in Illinois regarding leases, their assignment, and the subletting of the premises is *Sexton* v. *Chicago Storage Co.,* 129 Ill. 318; 21 N. E. 920. In that case the question to be determined was whether the Storage Co. was an assignee of the original lessee or only a sublessee. In its decision the court pointed out that the leases to Cole, the original lessee, and the lease from Cole to the Chicago Storage Co., each used the same identical language, namely. for and during the term of the lease and "until the 1st day of May, 1888." In commenting upon these facts the court stated:

* * * No space of time, however minute, therefore, can by any possibility remain after the term of the storage company has ended before the expiration of the term of Cole, in which he could enter upon or accept a surrender of the premises. The general principle as held by all the authorities is that, where the lessee assigns his whole estate, without reserving to himself a reversion therein, a privity of estate is at once created between his assignee and the original lessor, and the latter then has a right of action directly against the assignee on the covenants running with the land, one of which is that to pay rent; *but if the lessee sublets the premises, reserving or retaining any reversion, however small, the privity of estate between the sublessee and the original landlord is not established, and the latter has no right of action against the former, there being neither privity of contract nor privity of estate between them. The chief difficulty has been in determining what constitutes such reservation of a reversion.* [Italics supplied.]

In the instant proceeding each of the lessors demised and leased a term for one day less than the term which was acquired under their own lease. For example, Viola Rosenbaum's lease expired February 29, 1948, but the term for which she demised and leased the Mann property expired on February 28, 1948, and the term of Wieboldt's lease expired on February 27, 1948; thus each succeeding lease after

the underlying lease was a demise for a term of one day less than the preceding leasehold estate. Therefore, there can be no question but what each lessor of the Mann property retained a reversionary interest therein, and so long as each leasehold estate remains in existence there will be a reentry of possession by the lessor prior to termination of its or her lease. *Indian Refining Co.* v. *Roberts* (Ind., 1932), 181 N. E. 283; *Consolidated Coach Corporation* v. *Consolidated Realty Co.*, 251 Ky. 614; 65 S. W. (2d) 724.

In addition Viola B. Rosenbaum reserved substantial rights in subletting the property, including the right to terminate the lease and repossess the property upon any default in payment of rent or in performance of the conditions and covenants of the agreement, and subject to the rights granted and reserved in the underlying lease. Neither these reserved rights nor the reversionary interest possessed by Viola B. Rosenbaum were ever acquired by the petitioner. It is our opinion, therefore, that in view of the rights reserved by Viola B. Rosenbaum in the lease executed by her and in the underlying lease, and in view of the authorities hereinabove mentioned, there could be no merger of the petitioner's leasehold estate with its fee simple estate so long as those rights were outstanding in Viola B. Rosenbaum.

The respondent urges, however, that, even though technically speaking and as a matter of law there may not be a merger under these facts, since taxation is a practical matter and since there is but a one-day interval with regard to Viola B. Rosenbaum's reversionary interest, for tax purposes we should look through technical refinements and recognize the substance of these transactions, which is, that petitioner is attempting to amortize a leasehold estate as to the same property in which it holds the fee simple estate.

In the *Henry Boos* case, *supra*, relied upon by the respondent, the taxpayer had acquired a 99-year lease, with an option to purchase. This option was subsequently exercised and the fee simple title was acquired by the taxpayer. We refused to allow the taxpayer to amortize the cost of his leasehold estate upon the theory that there had been a merger and that the cost of the property to him became the sum of the unamortized cost of the leasehold plus the amount expended to acquire the lessor's remainder interest. The facts in that case, however, are quite different from the present facts, because there was no intervening estate between the leasehold estate and the fee simple estate. When Boos purchased the fee simple title there was a meeting in the same person at the same time, without any intervening estate, of two distinct estates in property, and under the rule the lesser estate was absorbed or merged in the greater estate. It is impossible here for a merger to result, as the leasehold estate

of Viola B. Rosenbaum bars any merger of the two estates that petitioner owns in the same property.

The *Wisconsin National Bank* case, *supra*, upon which the petitioner relies, is likewise distinguishable from the instant proceeding upon its facts. In that case there was a lease of property followed by an acquisition of a one-third interest in the fee prior to the taxable year and a one-third interest in the fee during the taxable year Subsequent to the taxable year the tenant acquired the remaining one-third interest in the fee and the question arose whether during the taxable year the petitioner was entitled to amortize the cost of its leasehold estate. We held that no merger of the lesser with the greater estate took place until the entire fee was acquired by the petitioner at a date subsequent to the taxable year there involved, and the petitioner was permitted to deduct an aliquot part of the fair market value at March 1, 1913, for exhaustion of the leasehold. The distinction between that case and the instant proceeding is that there was no intervening estate between the tenant and the original lessor, so that the purchase of the fee simple title by the tenant would result in a merger of the leasehold estate with the fee simple estate. Actually, therefore, there is no inconsistency between the *Henry Boos* case and *Wisconsin National Bank* case, but only a difference with respect to the degree of consummation in the purchase of the fee simple title by the tenant.

In this proceeding, however, there has been a consummation of the purchase of the fee simple title, so that the petitioner holds not only a fee simple title to the property, but also a leasehold estate therein. The difference between this case and the last two cases above mentioned is that we have an intervening estate in Viola B. Rosenbaum, which prevents a merger of the lesser estate with the greater estate. The petitioner acquired its property rights in the leasehold estate by virtue of the indenture of March 26, 1929, at a cost of $105,000. Later and by virtue of three separate deeds it acquired undivided one-third interests in the fee for a sum undisclosed by the record. The acquisition of the leasehold estate and of the fee simple estate represented the acquisition of separate property rights, each of which was a valuable asset to the petitioner. While each property right related to the same particular land and buildings, each estate was a separate and distinct property right.

It is well recognized that a leasehold estate is a wasting asset and that the capital cost thereof is an exhaustible investment which is returnable by annual deductions spread over the term of the lease. *Henry Boos*, *supra*, and cases cited therein. Since this is true and since the petitioner will have expended $105,000 in the acquisition of this exhaustible asset, it is entitled to amortize the cost thereof over the remaining term of the lease.

As the parties have proceeded upon the theory that petitioner was the owner of the leasehold estate and the fee estate, we deem it unnecessary to consider the technical question of whether a merger results when separate trusts having the same beneficiary and the same trustee hold title to the two estates.

In view of the stipulation which the parties read into the record at the hearing, the additional depreciation of $1,128.29 allowed by respondent in computing the deficiency will be disallowed and the tax liability computed accordingly.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

DISNEY concurs only in the result.