*538 OPINION of the Court, by
Ch. J. Boyxe.
This wag¡ an action of covenant. The declaration in substance states that the plaintiff on the 31st of October 1803, by deed hearing the same date, demised to Uriah Edwards, for the term of fifteen years then to come, a tract of 400 acres of land, with mills and other improvements thereon; for which Edwards covenanted to pay annually a rent of 100L : and that the said Edwards, on the 15th of October 1806, assigned to the defendant the residue of the term then to come in the said demised premises, except a .small piece at the cast end, adjoining Peter G. Yoorhies; and alleges a breach of the covenant in the failure of the defendant to pay the rent which has accrued since the assignment of the premises to him.
*539 On a demurrer to the declaration, the court below gave judgment for the defendant; to reverse which the plaintiff prosecutes this writ of error. r
The only question is, whether the plaintiff can maintain the action against the defendant ?
The solution of this question turns upon the point whether the defendant should be considered as a mere sublessee or an assignee of the demised premises : for if he be considered in the light of a mere sublessee, it is plain he is only responsible to his immediate lessor for the breach of such covenants as were entered into between them ; but on the other hand, if he be considered as an assignee, then as the covenant to pay the rent is one which runs with the land, it is equally plain that he is bound to perform it; and for a failure to do so is responsible in this form of action to the plaintiff as the original lessor : for an assignee, though not named, is liable at common law to an action upon a covenant which runs with the land ; and for this obvious reason, because the land passes with its burthen quia transitterra cum onere: any one, therefore, who takes land, must take it subject to its legal burthen, according to the maxim qui sentit commodum sentiré debet onus.
For the defendant it was contended in argument that he was but a sublessee, and notan assignee, because the whole of the premises demised to the original lessee was not transferred to him. But whether the whole premises are transferred or not, does not constitute the true ground of distinction between a sublessee and an assignee; for if the lessee transfer the whole of the demised premises, but only for a part of the term, he to whom the transfer is made is but a sublessee, and not liable to the original lessor (2 Bar. Abr. 72) : whereas if the lessee transfer only a part of the premises for the whole term, the person to whom the transfer is made is considered an assignee of the part transferred to him, and liable accordingly to the original lessor. — Cro. Car. 221 — Sir W. Jones 245 — 2 Rae. Abr. title Debt, letter D. The case referred to in Cro. and Jones, is no doubt the same ; and as reported by the latter, is in substance this : a lessee of two houses and lands having covenanted to repair the houses, assigned one of them and parcel of the land to J. S.; and the lessor, for not repairing the house assigned to J. S. brought an action of covenant against J. S. and adjudged that the action lies j for this *540 is a covenant which runs with the term : and although he be assignee of parcel only, yet covenant lies against him for not repairing the said parcel: and thereupon judgment was given for the plaintiff. But to this case it was objected that it was in principle not sound law, and that it was a solitary case.
As to the objection to the principle of the case, it is sufficient to remark, that it is not only contained in the several abridgments of the law, without its propriety beingquestioned, and referred to by elementary treatises upon the subject with apparent approbation, but in the case of Bally vs. Wells, the court in their opinion cite it at large, in substance as we have before stated it, and expressly declare it to be good law. But the counsel for the defendant was mistaken in supposing it to be a solitary case upon this subject. The case referred to in 2 Bac. Abr. title Debt, letter D. is clearly a different one, and still more directly in point. That case is abridged from 2 Lev. 231 ; and it is there laid down,, “ if lessee for years assigns his whole term in the moiety of the land, the lessor may have an action against the assignee for a moiety of the rent; for the assignee having the entire estate in the moiety of the land, he hath a sufficient priority of estate to be charged by the lessor, if he pleases, with the moiety of the rent.” Upon the score of authority, therefore, it is clear that the defendant in this case must be deemed an assignee, and held liable to the plaintiff for the rent of so much of the demised premises as may have been assigned to him ; and upon principle we can perceive no solid objection to his liability. The idea suggested in argument tiiat the premises demised in this case were indivisible, is most obviously untenable; for they were not only in their nature divisible, but the very objection taken to the liability of the defendant presupposes that they had been divided by a transfer of part only to him.
Equally untenable is the position taken in the argument, that the rent was not divisible or apportionable ; for rent reserved, where it does not consist of an entire thing, may most unquestionably be apportioned. Thus if the tenant be evicted of part of the premises, or surrender part, or commit forfeiture of part by doing waste or otherwise, the rent shall be apportioned. So if the lessor grant part of the reversion to a stranger, the rent shall be apportioned.. — Co. Lit. 148 — .3 JBac. Abr. 104-5.
*541 It results, therefore, that the court below erred in sustaining- the demurrer in this case.
The judgment must be reversed with costs,, and the cause remanded for new proceedings, &c.