## Kloak Brothers & Company v. Joseph, et al.

(Decided November 12, 1912.)

### Appeal from Campbell Circuit Court.

1. Sales—Personal Property—When Title Passes.—Where articles of personal property, complete in themselves, are sold and actually delivered to the purchaser, the title passes, though the property may not be paid for, and the contract may involve the sale of other property which is not delivered.
2. Landlord and Tenant—Lien—Superior to Other Liens.—A landlord's lien on the property owned by the tenant is superior to all other liens except valid liens created before the property was carried on the premises, and valid liens are such as are acknowledged and recorded as provided in section 496, Kentucky Statutes.
3. Sales—Possession—Validity—Section 1908, Kentucky Statutes.— Where possession does not in good faith accompany the property, and there is no transfer lodged for record, the resale by the purchaser of personal property to the seller is, under section 1908, Kentucky Statutes, void as to his creditors, including the landlord whose lien had attached.

BRENT SPENCE for appellants.

L. J. CRAWFORD and L. J. CRAWFORD, JR. for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On November 29, 1911, Nicholas Joseph leased to Charles Miles a building in Bellevue, Kentucky, for a term of five years. On January 3, 1912, Miles having defaulted in his rent, Joseph sued out an attachment, which he had levied on the furniture and bar fixtures which Miles had installed in the property.

On January 12, 1912, Kloak Brothers & Company, who had sold Miles the furniture and bar fixtures, in an action against Joseph and the sheriff of Campbell County, obtained a writ of delivery, under which the property in question was taken by the coroner from the

possession of the sheriff, who held it under the attachment. Joseph and the sheriff filed an answer to the writ of delivery, denying that Kloak Brothers & Company were the owners of, or entitled to the possession of, the property. In the second paragraph, they set up the lease, nonpayment of rent, and the attachment. Trial was had before a jury and at the close of the evidence for Kloak Brothers & Company, the court peremptorily instructed the jury to find that the property in question was the property of Miles, and was of the value of $395. Judgment was entered dismissing the petition of Kloak Brothers & Company, and directing a restoration of the property to the sheriff. Kloak Brothers & Company appeal.

It appears from the evidence that Miles contracted with Kloak Brothers & Company to furnish the bar fixtures. Before all the fixtures were delivered, Miles' license was revoked. He then telephoned Kloak Brothers & Company to come and get their property. The fixtures delivered consisted of a cigar counter, a screen, a bar and back bar, foot rail, coil box, work boards and copper wash boxes. In addition to these, there were to be delivered a liquor case, a dozen chairs and a half dozen tables. The latter were never delivered. When Miles telephoned Kloak Brothers & Company to come get their furniture, it was before Joseph had sued out the attachment for the rent. The property sold was to be paid for in cash on delivery. The reason Kloak Brothers & Company did not demand the cash was that all the property sold was not delivered.

It is the contention of appellants that the title to the property in question did not pass because the sale was not complete until the delivery of the other property which Miles had bought; or that if the title did pass there was a resale of the property to appellants.

The evidence clearly shows that appellants not only sold the property in question to Miles, but actually delivered the property. That being true, and the articles of property so delivered being complete in themselves, the contract of sale was actually executed and the title passed. Section 2319 of the Kentucky Statutes gives the landlord a superior lien on the personal property owned by the tenant after possession is taken under the lease, subject to the limitation that the lien shall not be for more than one year's rent, due or to become due, or

for any rent which has been due for more than 120 days. The only liens that are superior to the lien of the landlord are all valid liens upon the personal property of the lessee, assignee or under-tenant, created before the property was carried upon the leased premises. In section 2316, Kentucky Statutes, the words ''valid liens'' mean such liens as are valid under section 496, providing that no deed or deed of trust or mortgage, conveying a legal or equitable title to real or personal estate, shall be valid against a purchaser for a valuable consideration without notice thereof, or against creditors, until the same is acknowledged and lodged for record. Wender Blue Gem Coal v. Louisville Property Co., 137 Ky., 339. As the title to the property in question vested in Miles, and as appellant had no valid lien thereon, it follows that the landlord's lien is superior to any claim appellants have. Nor is the question affected by the alleged resale by Miles to appellants. Actual possession of the property did not accompany the resale, and there being no transfer of the property lodged for record, the resale was void as to the landlord, who was a creditor of Miles. Kentucky Statutes, section 1908.

It is argued that the conclusion herein reached works a great hardship upon appellants, in that the landlord is given a superior lien on goods which they had sold, and for which they had not been paid. That is true, but the statute was enacted for the purpose of giving such lien, and its provisions cannot be set aside, though its enforcement may sometimes work a hardship. The seller must contract with reference to the law as it exists. He is persumed to know that if he sells and delivers personal property to a tenant without being first paid therefor, or securing himself by a valid lien, the law will give the tenant's landlord a superior lien for his rent. Therefore, the tenant may protect himself against the hardships of such a law by demanding payment in cash before the delivery of the goods, or by securing himself by a valid lien.

Judgment affirmed.