## First National Bank of Hopkinsville v. Trimble.

(Decided March 19, 1929.)

FRANK RIVES for appellant.

SELDEN Y. TRIMBLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

S. Y. Trimble owns a farm in Todd county, known as the Jessup place, which he leased to W. A. Cowherd for the years 1924, 1925, and 1926, at an annual rental of $1,500. Adjoining his farm was a tract of 90 acres, known as the Farnsworth place, and which was owned jointly by Trimble and Moses Levy, but in the year 1926 Levy's interest was acquired by Trimble. This farm was also rented to Cowherd for the year 1926, and the rental was $500 a year. Cowherd was also indebted to Trimble in the sum of $751.53 for money advanced to enable him to subsist and carry on his farming operations. A portion of these advances was secured by a mortgage. Cowherd was also indebted to the First National Bank of Hopkinsville in a large sum, which was secured by mortgages on property on the leased premises.

On March 10, 1927, the bank brought suit against Cowherd to recover the sum of $4,400, with interest from January 1, 1926, and to enforce a mortgage lien on certain personal property of Cowherd described in the petition. On the same day it brought suit against Beulah B. Cowherd, wife of W. A. Cowherd, to recover on two notes, one for $329.33, and the other for $417.80, and to enforce its lien on certain Jersey cows mortgaged to it by Beulah B. Cowherd. About the same time Trimble had a distress warrant issued, which was executed by a levy on the personal property of the Cowherds and returned to the Todd circuit court. The three actions were then consolidated, and the sheriff, as special commissioner, sold all the personal property of W. A. Cowherd and Beulah Cowherd on which the distress warrant had been levied, and on which the bank had a mortgage, for the sum of $2,915.65. Of this sum property of the value of $82.40 was sold for cash, and Trimble became the purchaser of the balance of the property for the sum of $2,833.25. On final hearing the bank was adjudged a first lien for the sum of $933.75, and Trimble was adjudged a prior lien for the sum of $1,981.90.

Under our statute a landlord has a superior lien on the personal property of the tenant, or undertenant, owned by him after possession is taken under the lease, subject to the limitation that the lien shall not be for more than one year's rent due or to become due, or for any rent which has been due more than 120 days (section 2317, Kentucky Statutes); but all valid liens upon the

personal property of the lessee, the assignee, or undertenant, created before the property was carried on the leased premises, are superior to the lien of the landlord (section 2316, Kentucky Statutes; Kloak v. Joseph, 150 Ky. 508, 150 S. W. 651). In view of the statute, it is conceded that the bank was entitled to a superior lien on the proceeds of the personal property that had been mortgaged to it by Cowherd before the property was carried on the leased premises, but the bank insists that the amount awarded was too small. The only witness on this question was Cowherd himself, and with the commissioner's report of sale before him he identified the various articles and the amount that each brought. Adding up these items, we find the sum to be $1,190.75, instead of $933.75. It follows that, regardless of other considerations, the judgment is erroneous to the extent indicated.

The next claim in dispute is a note for $352.35, dated March 5, 1923, and secured by a mortgage on certain Hampshire sows. It appears, however, that this property was disposed of before Cowherd leased the premises in question, and that none of it was sold under the distress warrant.

Another claim by appellant is upon a note of $405.76, dated August 20, 1924, and secured by a mortgage on certain sheep. It is practically conceded that this note was paid, but insisted that, as it was paid with the proceeds of other mortgaged property, and with the understanding that the lien on the sheep should continue in force, appellant should have been adjudged a lien upon the sheep. Whether the facts relied on were sufficient to preserve the lien as between the parties we need not inquire. When the debt was paid the lien was discharged, and the circumstances relied on were not sufficient to keep it in force so far as the landlord was concerned.

On the ground that the property had been brought on the leased premises before the mortgage was given the chancellor adjudged appellee a superior lien on 10 cows owned by Mrs. Cowherd, and mortgaged by her to the bank. It is true that at common law the property even of a stranger, if on the leased premises, was, in some circumstances, subject to the landlord's lien for rent; but, under our statutes only the personal property of the lessee, the assignee, or undertenant, or subtenant, is liable to distress. Sections 2305 and 2307, Kentucky Statutes.

In view of these statutes, and of section 2127, respecting the property rights of married women, this court in the case of Fite v. Briedenback, 127 Ky. 504, 105 S. W. 1182, 32 Ky. Law Rep. 400, held that the personal property owned by the wife of the tenant on the leased premises could not be subjected to the payment of rent due by her husband. In discussing the question the court said:

"The fact that appellant was the wife of the tenant, and that property owned by her was on the leased premises—it being immaterial how long it had been there—did not have the effect of making her an undertenant or render her property liable for the rent due by her husband. The rule of the common law has been changed by the statute. The rights of the landlord have been abridged, and his remedies, being fixed by the statutes, cannot be extended. Indeed, there is no good reason why they should be. The landlord is highly favored by law, and is given extraordinary remedies for the collection of his rent."

But it is pointed out that, in that case, the wife's property consisted of a piano, office desk, camera, and other articles, of the value of $920, while in this case the wife was engaged in a separate undertaking, that of conducting a dairy, and that her cows occupied the farm and obtained pasturage and feed therefrom. The difference, however, is one of degree and not of kind. In the one case she was permitted to store her furniture in the house and occupy and enjoy it as a home. In this case she was permitted to put her cows on the farm and derive such profit therefrom as she could make. There was neither an assignment of the farm, nor a sublease of the premises by the husband to the wife. She was under no obligation to pay him rent, or to share with him the proceeds of the dairy. In the circumstances the wife was not an assignee, or subtenant, and her property was not subject to the landlord's lien for rent. That being true, and there being no relation of debtor and creditor between appellee and Mrs. Cowherd, appellee is not entitled to any portion of the proceeds of the sale of the cows. On the contrary, appellant has a first lien on the proceeds to the extent of its secured indebtedness, and as between it and appellee is entitled to the balance, if any, of the proceeds as a judgment creditor of Mrs. Cowherd.

We see no reason to disturb the judgment in other respects. Wherefore the judgment is reversed, and cause remanded, with directions to enter judgment in conformity with this opinion. The costs in this court will be equally divided.