## Bowling v. Garber.

(Decided June 23, 1933.)

138

ELMON MIDDLETON for appellant.

E. L. MORGAN and N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On October 15, 1929, C. C. Bowling leased the first floor of a three-story brick building in Harlan to the Effron Stores Corporation for a term of five years and two months beginning November 1, 1929. The consideration was $10,850, payable in 62 equal monthly installments of $175, on or about the 10th day of each and every month in advance. The lease contained a clause prohibiting the lessee from assigning or subletting the premises without the written consent of the lessor. On February 21, 1931, the lessee, Effron Stores Corporation, sublet the premises by written contract to Sol Garber for a period of two years beginning March 1, 1931, at a rental of $100 per month for the first year, and $125 per month for the second year. The rent was to be paid to the Effron Stores Corporation and not to Bowling, the original lessor. Bowling, the lessor, consented in writing to the sublease ''only in so far as said sub-lease is consistent with said Bowling's rights under the lease from him.'' Garber paid the first year's rent to the Effron Stores Corporation, which was adjudicated a bankrupt in March, 1932. Garber having indicated his purpose to vacate the premises, Bowling proceeded by suit and attachment to assert a lien on Garber's property, then on the premises, for the eleven months' rent claimed to be due under his sublease. Before the matter was heard by the court, Garber paid Bowling the past due rent of $125 for the month of March, and a like amount for the month of May that had already accrued, and then vacated the premises. Being of the opinion that the property on the premises was not in lien for the remaining nine months' rent under the sublease, the court sustained a demurrer to, and dismissed, the petition. Bowling appeals.

It is conceded that Bowling, the lessor, has a lien on the stock of attached goods for the rent which had actually accrued, but insisted that he has no lien for future rents accruing during the balance of Garber's term under the sublease, and after he had vacated the premises.

There is a distinction between an "assignment" of a lease and a "subletting" of the premises. An "assignment" transfers the entire interest in the leasehold or the entire interest in a part of the demised premises. A "subletting" is a grant of a portion of the term with some reversionary interest in the sublessor. Cities Service Oil Co. v. Taylor, 242 Ky. 157, 45 S. W. (2d) 1039, 79 A. L. R. 1374. As the lessee, Effron Stores Corporation, executed to Garber a new lease for only part of the term, Garber was a sublessee, or undertenant, and not an assignee. There being neither privity of contract nor of estate between a sublessee and the original lessor, the former under the common law was not liable to the latter for rent. Cox v. Fenwick, 4 Bibb, 538, 16 R. C. L. 879.

However, in some states, including Kentucky, the common-law rule has been changed by statute, and it remains to determine the extent of that change. The controlling statutes are sections 2305 and 2317, Ky. Statutes, which read as follows:

" Sec. 2305. Rent may be recovered from the lessee or other person owing it, or his assignee or under-tenant, or the representative of either by the same remedies given in the preceding sections. But the liability of the assignee or sub-tenant shall only be for the rent accrued after his interest began."

"Section 2317. A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures on the household furniture, and other personal property of the tenant, or under-tenant, owned by him, after possession is taken under the lease; but such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than eleven months. And if any such property be removed openly from the leased premises, and without fraudulent intent, and not returned, the landlord shall have a superior lien on the property so removed for fifteen days from the date of its removal, and may enforce his lien against the property wherever found."

It will be observed that section 2305 changes the common-law rule and permits a recovery of rent from

an undertenant or subtenant, as well as an assignee, but only for the rent accrued after his interest began. However, this section does not deal with the extent of the landlord's lien, but section 2317 is controlling. By its terms the landlord is given a superior lien on the personal property of the tenant or undertenant after possession is taken under the lease, but not for more than one year's rent due or to become due, nor for any rent which has been due for more than eleven months. This language is plain and unequivocal, and cannot be ignored. It does not make the landlord's lien depend on the occupancy of the premises by the tenant or subtenant, but gives a lien. for the specified time for rent "due or to become due." With respect to the original tenant that means "due or to become due" under the lease. With respect to the subtenant it means "due or to become due" under the terms of the sublease. It follows that Bowling, the original lessor, should have been adjudged a lien on the personal property of Garber for the remaining nine months of his term under the sublease, although he had vacated the premises.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.

Whole court sitting.