## Mann v. Humphrey's Administratrix.

(Decided Feb. 23, 1937)

W. G. DEARING for appellant.
JOSEPH SCHMITT for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Dismissing appeal.

On April 18, 1934, Lillie Maye Humphrey, administratrix of the estate of Lewis W. Humphrey, deceased, recovered judgment in the Jefferson circuit court against Dorothy L. Mann for $10,000. On appeal to this court in an opinion reported in 257 Ky. 647, 79 S. W. (2d) 17, 96 A. L. R. 584, the judgment was affirmed.

On July 15, 1934, the administratrix caused an execution to issue on the judgment which was levied upon the undivided interest of Dorothy L. Mann in certain real estate in Louisville which had been devised to her by the will of her mother. The administratrix also filed and caused to be recorded in the county court clerk's office of Jefferson county a lis pendens notice as provided in section 2358a-1 et seq., Kentucky Statutes.

Thereafter the administratrix instituted this action in equity against Dorothy L. Mann and E. D. Hess setting out the foregoing facts and alleging that by a purported deed Dorothy L. Mann had attempted to convey the property levied upon which was fully described in the petition to her codefendant, E. D. Hess, without valuable or any consideration and for the fraudulent purpose of cheating and defrauding plaintiff and other creditors; that by reason of the levy of the execution and the filing of the lis pendens notice, she had a lien on Dorothy L. Mann's interest in the property described in the petition up to the sum of $10,000 with interest and costs. Each of the defendants were nonresidents of this state and upon proper allegations and orders, etc., were constructively summoned in conformity with the provisions of the Civil Code of Practice. Plaintiff prayed that the deed from Dorothy L. Mann to her codefendant be canceled and held for nought and that she be adjudged a prior and superior lien on the property for the sums above indicated and for sale of same to satisfy her judgment and costs.

On final hearing plaintiff was granted the relief sought and Dorothy L. Mann alone is appealing.

It is unnecessary to further detail steps taken in

the lower court except to say that no motion was made to set aside or modify the judgment and this is one of the grounds set out in a motion of appellee to dismiss the appeal.

Section 763 of the Civil Code of Practice provides:
"Neither a void judgment, nor a judgment against a defendant who shall have been only constructively summoned, and shall not have appeared in the action; nor any judgment which can be set aside or modified by the court which rendered it, upon motion made after the term during which it was rendered, shall be reversed or modified by the Court of Appeals, until a motion to set aside or modify the judgment shall have been made in the inferior court and overruled."

In Sizemore v. Hunter et al., 207 Ky. 453, 269 S. W. 542, it was held that because a defendant who had been constructively summoned had not made a motion to set aside or modify the judgment in the inferior court, this court should not reverse or modify the judgment until such motion had been made and overruled in the lower court; that because of failure to make such motion in the lower court the appeal was premature and must be dismissed.

In the light of the Code provision as construed in Sizemore v. Hunter and other cases cited under it, this appeal is premature and must be and is dismissed.