## Dean et al. v. Stillwell.

Dec. 3, 1940.

W. E. Begley, Judge.

Luker & Begley for appellants.

H. C. Clay & Sons for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On April 20, 1936, J. H. Stillwell, owner of a building in London, Kentucky, known as the Stillwell Hotel, leased the hotel to Jeannette B. Dean for a period of five years ending April 30, 1941, at a rental of $200 a month, payable monthly in advance. At the same time he sold to the lessee the hotel furniture and fixtures for $4,250. The lessee paid for the furniture and fixtures and paid the rent as it fell due until September 1, 1938. The venture was not a profitable one for the lessee, and she was compelled to borrow money from time to time in order to meet the payments. She borrowed in all $1,700 from the Helena Company, and on May 28, 1938, executed to it a mortgage for that amount on the furniture in the Stillwell Hotel. The mortgage was recorded in the Laurel county court clerk's office on July 28, 1938. Jeannette B. Dean vacated the hotel on August 20, 1938, and moved to Illinois, taking with her the furniture and equipment which she had not purchased from Stillwell. Thereafter, Stillwell brought this action in the Laurel circuit court to recover the rent from September 1, 1938,

to May 1, 1941, and attached all the personal property left in the hotel by the lessee. The Helena Company was made a defendant. Summons was served on John Williford as Jeannette B. Dean's agent. Williford had worked for her in the hotel as a clerk. Miss Dean appeared specially and moved to quash the summons and the return thereon. Proof was heard on the motion, and the court properly quashed the return. Miss Dean was then proceeded against by constructive service. She never entered her appearance in the case. The Helena Company filed an answer setting up its mortgage and claiming a lien on the furniture in the hotel superior to Stillwell's lien for rent, and asked that the mortgaged property be sold and a sufficient amount of the proceeds of the sale applied to the payment of its debt, interest, and costs to satisfy them. The plaintiff moved the court for an order directing the sheriff to sell the attached property on the ground that part of it was of a perishable nature and the cost of keeping it until the case could be tried was out of proportion to its value and a sale of it would be beneficial to all parties. The defendant Helena Company consented to the sale. At the sheriff's sale the property brought $525. Thereafter depositions were taken and the case was submitted for judgment. On June 23, 1939, the court adjudged that J. H. Stillwell recover from Jeannette B. Dean the sum of $6,400 as rent from September 1, 1938, until May 1, 1941, and further adjudged that he had a lien superior to that of the Helena Company on the furniture and fixtures in the hotel. Jeannette B. Dean and the Helena Company have appealed.

The appellee has filed a motion to dismiss the appeal of Jeannette B. Dean because the judgment is a personal judgment against the appellant Jeannette B. Dean, who was only constructively summoned in the action and who did not appear therein, and no motion to set aside or modify the judgment appealed from has been made in the circuit court or overruled in that court, and also because the judgment is for a larger sum of money than was claimed by the defendant and is for $5,800 more than is shown by the record to have been owing to him, and entry of the judgment was a clerical misprision and no motion was made in the circuit court to vacate or modify it. He has also filed a motion to dismiss the appeal taken by the Helena Company be-

cause no judgment has been rendered in the circuit court either in favor of or against the Helena Company, and the case is still pending in the circuit court and undertermined as between it and the appellee. These motions have been passed to the merits.

The motion to dismiss the appeal of Jeannette B. Dean must be sustained. She was before the court by constructive service only, and the court was without jurisdiction to enter a personal judgment against her. Section 419 of the Civil Code of Practice provides that:

"No personal judgment shall be rendered against a defendant constructively summoned, or summoned out of this State as provided in Section 56, and who has not appeared in the action."

The only judgment that can be rendered where a defendant has been constructively summoned and has not appeared, if the plaintiff has acquired a lien by attachment against the property of the nonresident defendant, is one subjecting the attached property of the nonresident to the payment of the lien debt. Brand v. Brand, 116 Ky. 785, 76 S. W. 868, 25 Ky. Law Rep. 987, 63 L. R. A. 206; First Nat'l Bank v. Sanders Bros., 162 Ky. 374, 172 S. W. 689; Hartford Fire Ins. Co. v. Green, 282 Ky. 466, 138 S. W. (2d) 933. Section 763 of the Civil Code of Practice provides that a judgment against a defendant who shall have been only constructively summoned and shall not have appeared in the action shall not be reversed or modified by the Court of Appeals until a motion to set aside or modify the judgment shall have been made in the inferior court and over-ruled. Mann v. Humphrey's Adm'x, 267 Ky. 406, 102 S. W. (2d) 342; Sizemore v. Hunter, 207 Ky. 453, 269 S. W. 542; Helton v. Hubbs, 278 Ky. 621, 129 S. W. (2d) 116; Johnson v. Dry Creek Oil & Gas Company, 283 Ky. 340, 141 S. W. (2d) 263. It is admitted that no motion was made in the circuit court to set aside the judgment against Jeannette B. Dean, and the motion to dismiss her appeal is sustained.

The only issue between the plaintiff Stillwell and the defendant Helena Company was whether or not the lien claimed by Stillwell was superior to the mortgage lien of the Helena Company. The judgment reads in part as follows:

"Plaintiff is adjudged a lien superior to that of the

Helena Company on the property described in the petition. It is further adjudged that the attachment herein issued be sustained and the plaintiff is to recover his costs herein expended."

The court passed on the only matter in dispute between the Helena Company and appellee. The motion to dismiss the appeal of the Helena Company is overruled.

It is argued that the lease is lacking in mutuality because it contains a forfeiture clause in favor of the lessor but not in favor of the lessee, and therefore could be terminated at will by either the lessor or the lessee, and, that being true, the landlord is not entitled to a lien for future rent. The forfeiture clause provided that a failure to pay any rent due under the lease for a period of 90 days after the same became due should, at the option of the lessor, terminate the lease. The lease was not terminable at the will of either party, but it was for a definite term and reserved to the lessor an option to terminate it before the expiration of the term only on a certain condition; that is, failure of the lessee to pay rent. The lessee could prevent the termination of the lease under the reserved right by complying with its provisions relative to the payment of rent. The contract did not lack mutuality because it gave the lessor alone the right to terminate it. Montanus v. Buschmeyer, 158 Ky. 53, 164 S. W. 802; Southeastern Land Company v. Clem, 239 Ky. 417, 39.S. W. (2d) 674. Lease contracts customarily contain a provision for the termination of the lease at the option of the lessor for the nonpayment of rent, and such provisions are universally held valid. The text in 16 R. C. L., page 1126, reads:

"While at common law the nonpayment of rent does not operate, in the absence of a provision therefor in the lease, as a forfeiture of the term or confer upon the lessor any right of re-entry, the general rule that provisions in leases for a term of years for forfeiture or right to re-enter for nonpayment of rent are valid and enforceable at law is not questioned."

Section 2317 of the Kentucky Statutes provides that a landlord, other than the owner of a farm rented for farming purposes, "shall have a superior lien on the fixtures, household furniture, and other personal property of the tenant, or under-tenant, from the time possession

is taken under the lease to secure the landlord in the payment of four (4) months' rent, due or to become due." Section 2316 of the Statutes provides that all valid liens upon the personal property of a lessee, created before the property was carried upon the leased premises, shall prevail against a distress warrant or attachment for rent; but the statute then continues:

"If such lien be created whilst the property is on the leased premises, and on property upon which the landlord hath a superior lien for his rent, then to the extent of four (4) months' rent, whether the same accrued before or after the creation of the lien, the distress or attachment shall have preference, and be first satisfied."

Here the mortgage lien was created while the property was on the leased premises, and the landlord has a superior lien to the extent of four months' rent, or $800. Bowling v. Garber, 250 Ky. 137, 61 S. W. (2d) 1102; First Nat'l Bank of Hopkinsville v. Trimble, 229 Ky. 280, 17 S. W. (2d) 223; Kloak Bros. & Company v. Joseph, 150 Ky. 508, 150 S. W. 651; Porter v. Rice, Ky., 128 S. W. 70.

The circuit court correctly adjudged appellant's lien for rent superior to the mortgage lien of the Helena Company, and the judgment as to the Helena Company is affirmed.