## Kitchen v. New York Trust Co. et al.

Jan. 19, 1943.

Edward P. Humphrey for appellant.

D. L. Thornton, Guardian ad litem, for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Mrs. Bell Ream Kitchen, a resident of Woodford county, Kentucky, brought an action in the Woodford circuit court to have determined the validity of her attempted revocation of a trust theretofore created by her. The New York Trust Company of New York and E. A. Davis of Woodford county, Kentucky, the trustees named in the trust instrument, and the plaintiff's infant daughter, Frances R. Kitchen, were made defendants. The action was brought under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a—1 et seq.

Norman P. Ream, appellant's paternal grandfather, died testate a resident of Connecticut, leaving surviving him six children. In his will, after making certain specific bequests, he provided that the remainder of his property should be divided into six equal parts. One part was left in trust for the testator's son, Edward K. Ream, father of Bell Ream Kitchen. Upon the death of Edward K. Ream the property left in trust for him during his lifetime goes to his descendants per stirpes. The trustees named in the will to administer the trust were the New York Trust Company of New York City and the testator's sons, Norman P. Ream and Robert C. Ream. The thirteenth clause of the will provided that the New York Trust Company should have and hold the physical possession and custody of all securities and cash belonging to the trust. Mrs. Kitchen's grandmother, Caroline P. Ream, during her lifetime executed a trust indenture creating a trust similar to the testamentary trust of her husband. The appellant, Bell Ream Kitchen, has a defeasible fee in remainder in the two trust estates which can be defeated only by her death occurring before the death of her father, Edward K. Ream. In June, 1937, before her marriage, she executed in triplicate, in her maiden name of Bell Q. Ream, the trust instrument involved in this proceeding in which she assigned and transferred to the New York Trust Company of New York City and E. A. Davis of Versailles, Kentucky, as trustees, all of her right, title, and interest in and to these two trust funds, and the trustees accepted the trust. The instrument provided that upon the death of Edward K. Ream the trustees should receive all her interest in the two trust funds and hold same during her life, paying to her in quarterly installments the net income therefrom, and upon her death distribute the corpus as she should designate in her will, and in the case of failure of testamentary designation then to such persons as would be entitled thereto under New York laws of intestate succession. Item 1 of the instrument contained this:

"It being the intent hereby to create in such persons contingent remainder interests dependent only upon survivorship of the donor and upon her failure in whole or in part to exercise the power of testamentary designation hereinabove reserved."

In Item 4 it is provided that the agreement shall be irrevocable. Item 18 reads:

> "This trust has been accepted by the corporate trustee in the state of New York, and it shall be construed and regulated by the laws of that state."

Shortly after the execution of the trust indenture the settlor married and now has a daughter, the appellee Frances R. Kitchen, who is four years of age. On December 26, 1940, she wrote to the New York Trust Company notifying it that she thereby revoked the trust agreement and asking it to return to her the executed copy of the agreement in its possession. A similar notice was sent to the individual trustee. On the same day she filed this action in the Woodford circuit court setting out the reasons for executing the trust agreement in the first instance, and her reasons for revoking it. She alleged that the purpose for which the trust indenture was executed had been fully accomplished. That purpose, as set out in the petition, was to protect her against the contingency that her future husband might become dissipated and wasteful, but she alleges in her petition that she has been married for several years and is now convinced that her husband is a sober, industrious, and thrifty person. A guardian ad litem was appointed for the infant, and he defended on the grounds that the Woodford circuit court was without jurisdiction and that the trust agreement is irrevocable whether construed under the law of Kentucky or the law of New York. A warning order attorney was appointed for the nonresident trustee, the New York Trust Company, and he reported that he wrote to the nonresident defendant at the address given in plaintiff's petition informing it of the nature and pendency of the action, but received no reply. It took no part in the proceedings. The individual trustee filed an answer simply asking that the court declare the rights of the parties. The plaintiff introduced proof tending to show that the purpose for which the trust indenture was executed had been fully accomplished. On submission of the case the court entered the following judgment:

> "This cause coming on for hearing on the pleadings and proof and for a declaration of the right of the plaintiff to revoke the trust created by her, it is now ordered and adjudged that this Court is without jurisdiction, and further, if this Court

has jurisdiction the trust created is irrevocable.

"Therefore be it ordered that the petition be and it is now dismissed."

The plaintiff has appealed and insists that the Woodford circuit court has jurisdiction; that the revocability of the trust indenture should be tested by the law of Kentucky and not the law of New York; and that, under the law of Kentucky, it is revocable. Since the determination of the question as to whether the law of Kentucky or the law of New York governs the construction of the instrument has a bearing on the question of jurisdiction, we shall consider the former question first.

The property referred to in the trust indenture executed by appellant is the property in which her father has a life interest, is all personal property, and consists of securities and cash in the possession of the New York Trust Company, trustee, in New York. In deciding what law shall govern the validity and administration of inter vivos trusts of personalty, varying weight has been accorded such elements as the domicile of the settlor, the domicile of the beneficiary, the place in which the trust instrument was executed, the language of the instrument, the location of the trust property, the domicile of the trustee, the place in which the business of the trust is carried on, and the intention of the settlor. The authorities are not in complete accord, and some courts give dominance to one element or combination of elements and some to another, but it seems to be a generally recognized rule that where a preponderant number of the elements are grouped in one state the group prevails over any single element and especially so where the intention of the settlor is included in the larger group. In trusts inter vivos the elements upon which the courts seem to lay most stress are the domicile of the settlor, domicile of the trustee, location of the trust property, place in which the business of the trust is carried on, and intention of the settlor. In most cases the domicile of the beneficiary is accorded slight importance. In the American Law Institute's Restatement of the Law of the Conflict of Laws, the following rule for trusts is laid down:

Section 297. "A trust of movables created by an instrument inter vivos is administered by the trustee according to the law of the state where the in-

strument creating the trust locates the administration of the trust." Comment (c) "Whether the beneficiary may terminate the trust by compelling the trustee to transfer the property to him is determined by the law of the state in which the administration of the trust is located."

In Beale's Conflict of Laws, vol. 2, sec. 297.1, page 1023, the author says:

"Many questions depend upon fixing the seat of the trust, that is, the place where the trust is to be located and administered. In the case of a living trust, this is determined by the intention. of the settlor; but this intention is often very difficult to find as a matter of interpreting the instrument. If the trustee is a bank or trust company, the almost inevitable inference is that the seat of the trust is at the principal office of the bank."

In the present case the settlor clearly expressed her intention that the seat of the trust should be New York, and that it should be administered in accordance with the laws of New York. In addition to the expressed intention of the settlor, the corporate trustee which has possession and custody of the trust res, that is, the securities and cash which are the subject matter of the trust, is domiciled in New York. Of the factors stressed most by courts in deciding what law governs the administration of an inter vivos trust of personal property composed of securities and cash, the following are grouped in New York in the present case: Domicile of the corporate trustee, location of the trust property, place in which the business of the trust is carried on, and intention of the settlor. The intention of the settlor should prevail if there is a real connection between the selected jurisdiction and the transaction as there is in the present case. Our conclusion that the trust created by appellant must be construed and its revocability tested by the law of New York is supported by the great weight of authority. Hutchison v. Ross, 262 N. Y. 381, 187 N. E. 65, 89 A. L. R. 1007; Shannon v. Irving Trust Company, 275 N. Y. 95, 9 N. E. (2d) 792; Irving Trust Company v. Natica, Lady Lister-Kaye, 157 Misc. 32, 284 N. Y. S. 343; City Bank Farmers Trust Company v. Meyn, 263 App. Div. 671, 34 N. Y. S. (2d) 373; Greenough v. Osgood, 235 Mass. 235, 126 N. E. 461; Cutts v. Najdrowski, 123 N. J. Eq. 481, 198 A. 885; Wil-

mington Trust Company v. Wilmington Trust Company, Del. Sup., 24 A. (2d) 309, 139 A. L. R. 1117; Hughes v. Commissioner of Internal Revenue, 9 Cir., 104 F. (2d) 144; Cavers, "Trusts Inter Vivos and Conflict of Laws," 44 Harvard Law Review 161.

Since the trust is to be administered in New York and no court outside of New York may supervise the trust and the trustee having custody of the trust res not being before the Woodford circuit court except by warning order, the chancellor correctly adjudged that the Woodford circuit court is without jurisdiction to declare the rights of the parties. In Beale on the Conflict of Laws, vol. 2, sec. 299.1, page 1026, it is said:

> "The administration of a trust is supervised and directions given to the trustees by a court. In the nature of things only one court can so supervise. For instance, to some one court a trustee must account, must submit to direction, and may ask for instructions. This only court which may supervise a trust and give instructions to a trustee is the court at the seat of the trust. No other court can discharge a trustee, and no other court will give instructions."

And Section 299 of the Restatement, Conflict of Laws, reads:

> "The administration of a trust of movables is supervised by the courts of that state only in which the administration of the trust is located."

Any judgment that a court of this state might render directing the nonresident trustee to turn over to appellant the trust res upon the termination of the life estate would be void and unenforceable. Such an order would be necessary in determining the rights of the parties in the event the court should be of the opinion that appellant's revocation of the trust is valid, and would be a personal judgment against the nonresident defendant which has not entered its appearance, even if it be conceded arguendo that the question of jurisdiction may be waived. Courts may not determine the personal rights of parties without giving them an opportunity to be heard, and a personal judgment against a nonresident is invalid unless he has been served with process or has entered his appearance in the case. Baker v. Baker, Eccles & Company, 162 Ky. 683, 173 S. W.

109, L. R. A. 1917C, 171; Bond v. Wheeler, 197 Ky. 437, 247 S. W. 708; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Baker v. Baker, Eccles & Company, 242 U. S. 394, 37 S. Ct. 152, 61 L. Ed. 386; Restatement, Conflict of Laws, Section 74. Where a court has jurisdiction of the res, it may render a judgment in rem or quasi in rem affecting a nonresident defendant constructively summoned with reference to the res in the court's control, but it may not render a judgment in personam. Combs v. Combs, 249 Ky. 155, 60 S. W. (2d) 368, 89 A. L. R. 1095; Dean v. Stillwell, 284 Ky. 639, 145 S. W. (2d) 830. In the present case the property which is the subject matter of the trust is in the custody of the New York Trust Company, a nonresident trustee, and is not in the court's control.

The judgment of the circuit court dismissing plaintiff's petition for want of jurisdiction is affirmed.