## Bidzila et ux. v. McGibbeny et ux.

*Stahlman & Carson*, for petitioners.

*P. V. Marino*, for defendants.

CUMMINS, J., October 16, 1946.—On May 6, 1946, petitioners made an agreement with James Wilbur Nelson to purchase certain premises located at 441 Carson Street, Monongahela, Washington County, Pa., and petitioners did, on May 8, 1946, make such a purchase and said property was conveyed to petitioners by deed which is of record in the recorder's office of Washington County, Pa., in Deed Book, vol. 707, page 626.

Defendants herein occupy said premises by virtue of an article of agreement with one James Wilbur Nelson, dated May 10, 1938. The rights of said James Wilbur Nelson, assignor to plaintiffs herein, were assigned to petitioners by an assignment attached to said article of agreement, dated May 15, 1946.

There was contained in said article of agreement a covenant which reads as follows:

"In consideration whereof, the tenant covenants to pay his rent in monthly installments, without demand

in advance . . .; to remove no additions . . .; nor sublet the same or any part thereof . . . without the written consent of the lessor, under penalty of instant forfeiture of this lease . . ."

Another provision in the article of agreement provides for certain procedure to be followed by plaintiffs in case of any default in the payment of rent by tenant under said lease or on any and every breach of covenant or agreement by tenant. Plaintiffs claim in their petition that defendants underlet these premises and did not pay their rent in advance, and that these constituted a breach of covenant and they ask that judgment in ejectment be entered and that a writ of hab. fa. with fi. fa. for rent due and costs, be issued upon the confession of judgment referred to in their petition.

Plaintiffs, according to their petition, claim that they have complied with all the requirements of the regulations of the Office of Price Administration relating to eviction.

Defendants filed their answer to this petition, denying certain material allegations, and in particular denying that there was any breach of covenant of the lease in that they had underlet said premises or failed to pay the rent in advance, saying that the rent was offered by them, but the same was refused by plaintiffs. It is denied further by defendants that plaintiffs complied with all the regulations of the Office of Price Administration relating to evictions. Defendants have asked that plaintiffs' petition be dismissed at the cost of plaintiffs.

The sole question to be decided by the court under all the testimony and the pleadings in this case is: "Was there a subletting of the premises in question on the part of defendants?"

The definition of the term "subletting" is found to be: "A lease by a tenant or lessee to another person of part or all of the leased premises."

In Bowling v. Garber, 250 Ky. 137, 61 S. W. (2d) 1102, "subletting" was defined as a grant of portion of term with some reversionary interest in sublessor.

The test whether a transaction constitutes "assignment of a lease" or "subletting" is: If tenant parts with the entire term of his lease, it is an assignment; but when the tenant, by terms, conditions or limitations in the instrument, does not part with the entire term, so that there remains in him a reversionary interest, it is a "subletting": Davis v. First National Bank of El Paso, 258 S. W. 241, 242 (Texas).

In Elliott v. Dodson et al., 297 S. W. 520, 522 (Texas), "subtenant" was held to be one who leases all or part of rented premises from an original lessee for a term less than that held by the original lessee, and "subletting" is where lessee demises the whole or a part of premises for a portion of the unexpired term. See also Beall v. Everson, 34 A.(2d) 41 (D. C.), and Grassham v. Robertson et al., 277 Ky. 605, 126 S. W.(2d) 1063, 1064.

In the case at bar, briefly, plaintiffs claim that defendants permitted a son-in-law to live with them after his marriage to the daughter, who was a member of the original household, and that this constituted a subletting.

The testimony of the defense shows that the son-in-law stayed with his wife after their marriage, from on or about May 10, 1946, to August 15, 1946, and that following that he came to the home on weekends.

This temporary change in the original household of defendants cannot be considered under the law as it now stands to be a subletting.

Therefore, we make the following

## Order

And now, October 16, 1946, the petition of plaintiffs is hereby dismissed at the cost of plaintiffs.