**STOLL OIL REFINING COMPANY, a**
**Corp., Appellant,**

v.

**Vester E. PIERCE, Appellee.**

Court of Appeals of Kentucky.

June 24, 1960.

Richardson, Barrickman & Dickinson, Glasgow, for appellant.

C. O. Milby, Greensburg, George O. Bertram, Campbellsville, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment for $5,000 nominal and punitive damages (without separation) for having wrongfully caused the ejectment of the plaintiff, now appellee, Vester E. Pierce, from a gasoline service station in Greensburg, which he had under lease from the defendant, now appellant, Stoll Oil Refining Company.

The complaint stated that the plaintiff was in possession of the property, and that on or about November 23, 1955, the defendant, through its agent "and otherwise, wrongfully entered and ejected the plaintiff and took possession of the property."

█ The material facts are not in dispute. The lease of the service station, dated March 9, 1955, for one year with the right of extension, called for the rental to be computed at the rate of one cent a gallon of gasoline delivered to the station for sale but not to be less than $150 a month, payable on the lessor's demand. The lease expressly provided that upon default in the payment of rent or performance of other agreements and obligations the "lessor in any event shall have the right to declare this lease terminated and shall have the further right, without notice and without recourse to any legal proceeding to enter upon the premises and repossess the same, * * * and lessor shall further have all the rights and remedies provided by law for the recovery of rent and possession." Such provisions are valid and effectual. Dean v. Stillwell, 284 Ky. 639, 145 S.W.2d 830; Estes v. Gatliff, 291 Ky. 93, 163 S.W.2d 273.

A sales agreement was contemporaneously executed by the parties.

Early in November the company was claiming that the lessee had defaulted in the payment of rent to the amount of $383, and several demands for payment were made of him. On November 19, 1955, the company addressed a registered letter to Pierce, which, after referring to the terms and conditions of the lease, notified him that the lease "was at an end and terminated because of your failure to pay the rental stipulated" for three months past. The letter stated that the company would take immediate possession of the premises.

The local attorney for the Stoll Company invited Pierce to his office for a conference after the letter had been received by him. The attorney, Mr. Henderson, testified that they discussed the default in the rental. He suggested to Pierce that "there was no point in putting him into a lot of expense by having to go to court." Pierce did not deny the debt. He asked about the goods in the station, and Henderson suggested that the place be locked up and at his convenience, in the presence of the sheriff, they would make an inventory. To this Pierce replied, "All right." Pierce did not deny this statement or his response.

During the course of the trial the plaintiff introduced some receipts for money paid and stated he had told Stoll's representative that he was not behind with his rent. He testified, however, he was not keeping "records completely" and may have owed something on the gas and oil accounts. The rent was calculated upon the quantities delivered to Pierce. The company proved by its records that Pierce owed the sum claimed, namely, $383 for rent. Replying to a question as to whether or not he owed any rent, Pierce answered, "I don't think I did." He never positively claimed he owed nothing. Later he admitted owing $75 on the September rent.

█ Under the terms of the contract and the facts the lessor had the right to terminate the lease and did so in a proper way by notice. Hickman v. Fordyce, 179 Ky. 737, 201 S.W. 307; 32 Am.Jur., Landlord and Tenant, §§ 830, 832, 855, 870. Soon after the conference in the attor-

ney's office, referred to above, two deputy sheriffs went to the station to close it upon request of Henderson. Pierce refused to let it be done, and the officers left. Some kind of possessory action was filed by the lessor immediately thereafter. We presume that it was in accord with KRS 383.-280, which provides for an action for trespass or of ejectment in addition to a proceeding for forcible detainer, since such proceeding must originate in a court of lower jurisdiction. KRS 383.210.

The circuit court clerk signed an order in that case directing the sheriff to take possession of the service station and "turn the possession over to the Stoll Oil Refining Company." Summons in the action and this order were served on Pierce within an hour after the first visit by the deputy sheriffs. Pierce then surrendered possession.

It is stipulated in this action that no bond had been executed before the order of ejectment was issued. On some later, undisclosed date, on motion of the defendant, the court "set aside and held for naught" the order of ejectment. The present suit was filed in June, 1957.

█ The present action is for alleged wrongful eviction predicated on abuse of process. The lessor, having rightfully exercised its option to terminate the lease, had the right of re-entry. Had it done so peaceably, even against the lessee's will, it would not have been liable for damages. 32 Am.Jur., Landlord and Tenant, §§ 839, 1008, 1032; Annotation, 45 A.L.R. 313; Clark v. Service Auto Co., 143 Miss. 602, 108 So. 704, 49 A.L.R. 511; Chappee v. Lubrite Refining Co., 337 Mo. 791, 85 S.W. 2d 1034, 101 A.L.R. 471. The lessee was, therefore, a trespasser in continuing to hold the property. Only a few hours before the lessor resorted to a legal remedy to obtain possession, Pierce had voluntarily agreed to vacate the premises and then refused to do so.

The summary, mandatory process of eviction was issued by the clerk without authority (CR 65.01 and 65.04) and without the prerequisite of a bond to protect the lessee against damages. But wherein was the tenant damaged by the irregularity? He stated he was shocked and made a nervous wreck by the ouster and introduced several witnesses who had observed that he had previously done a good business. He proved no recoverable damage.

The appellant requested a directed verdict upon sufficiently specific grounds. It was overruled. The court then instructed the jury that the order of restitution was void and directed a verdict for nominal damages. Coupled with that was an instruction that if the jury believed from the evidence that the defendant "maliciously and wantonly caused said order to the sheriff to be issued, you may, in your discretion," award punitive damages.

We have held that an action for damages could be maintained against a party who prematurely procured a warrant of restitution of rented rooms and had the officer enter them in the absence of the tenants and move their possessions into the street where they were damaged. Roettger v. Reifkin, 130 Ky. 197, 113 S.W. 88, rehearing denied, 113 S.W. 902.

Closer to the present case is Hegan Mantel Co. v. Cook's Adm'r, 57 S.W. 929, 22 Ky.Law Rep. 427, in which it was held, obviously, that an action for damages does not lie for the institution and prosecution of a forcible detainer proceeding unless the landlord acted maliciously and without probable cause.

There are cases in which a landlord has been held liable for exemplary or punitive damages for maliciously and without probable cause procuring a dispossession process or such process accompanied by aggravating circumstances. 32 Am.Jur., Landlord and Tenant, § 1032; 52 C.J.S. Landlord and Tenant § 461c.

In this case there was no basis whatever for an instruction upon or an award of punitive damages. There is no evidence of

a malicious act or of a circumstance from which malice could be suspected, let alone inferred.

■ As stated above, the plaintiff's case really rested on abuse of process, which is the technical designation of the irregular or wrongful employment of a judicial proceeding, although it is generally the malicious use of the process. An action therefor is to be distinguished from an action for malicious prosecution. 72 C.J.S. Process §§ 119, 120; 1 Am.Jur., Abuse of Process, § 3; Annotation, 14 A.L. R.2d 322. Here, the wrong was only in having the clerk of the court issue a process without authority. There may be actionable abuse of process not originally regular and properly issued. 1 Am.Jur., Abuse of Process, § 7.

In the absence of aggravation and ulterior motive and absence of actual damages, the defendant served with the process was not legally damaged. Yet, there is the fact that the order of restitution was irregularly procured and the property repossessed under color of that process. Nominal damages are all the plaintiff was entitled to recover. The court should have so instructed the jury. Upon the return of the case, the court will award nominal damage to the plaintiff.

Judgment reversed.