**Zesper S. WILLIAMS, Ruth P. Williams, Glenwood, Inc., Appellants,**

v.

**CENTRAL CONCRETE INC., Lawrence Singer d/b/a Singer's Electric Company, Dwight Preston, Appellees.**

Court of Appeals of Kentucky.

Nov. 2, 1979.

Rehearing Denied Feb. 8, 1980.

Discretionary Review Denied June 17, 1980.

Ben B. Hardy, Louisville, for appellants.

Paul M. Lewis, Elizabethtown, for appellees.

Before GANT, COOPER and WILHOIT, JJ.

GANT, Judge.

Action was commenced in March, 1975, by a materialman, not a party to this action, for the purpose of enforcing a lien for material and labor furnished for the construction of a commercial building. It is admitted by appellees that the legal description in the complaint in that action, which description was perpetuated by appellees herein in their intervening complaints, contained some 65 acres not included in the tract upon which the building was constructed. The appellants failed to answer in either their individual or corporate capacity and a default judgment and order of sale was entered in July, 1976. After numerous conferences, amended order of sale, surveys and exclusions, in some of which appellants and former counsel participated, all of the acreage set out in the original and intervening complaints, plus additional acreage, less some exclusions urged by appellants, was ordered sold, and in fact was sold.

The principal problem that arose with the sale was that the inclusion of the additional acreage, not subject to the lien, brought into the action one Harry J. Klein, who held a mortgage on this additional land, which mortgage was not in arrears as far as the record shows. At the forced sale of all the property, the sale price of $80,000 was barely sufficient to pay the Klein mortgage, the amount of which was never properly proven, and the costs of the action.

An appeal of the first action was dismissed as untimely filed under *Cerwin v. Taub*, Ky.App., 552 S.W.2d 675 (1977). This action was then filed alleging abuse of process. The lower court dismissed the action on the basis of res judicata. We reverse.

■ Under these circumstances, res judicata is not grounds for the dismissal of an action for abuse of process. It is the first action which is the subject of the second. As the court stated in *Stoll Oil Refining Co. v. Pierce*, Ky., 337 S.W.2d 263, 266 (1960), "abuse of process . . . is the technical designation of the irregular or wrongful employment of a judicial proceeding . . ."

■ There are few cases in Kentucky on this subject, but it has been long recognized. The case of *Grigsby's Exr. v. Ratecan*, 6 Ky.Opin. 170 (1872), held that where the action is for abusing the process of the law, in order to illegally compel a party to do a collateral thing, such as to give up his property, or to take his property under color of legal process, it is not necessary to allege and prove that the proceedings under which the property of the plaintiff was seized were brought without probable cause. In this state, malice is not necessary under abuse of process unless punitive or exemplary damages are sought. *See Stoll, supra.*

W. Prosser, *Torts* § 121 (4th ed. 1971), p. 856, *et seq.*, provides a clear statement of the elements of the action known as abuse of process:

> The action for malicious prosecution, whether it be permitted for criminal or civil proceedings, has failed to provide a remedy for a group of cases in which the legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed. In such cases a tort action has been developed for what is called abuse of process. . . .

> Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying, process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause. It is often said that proof of "malice" is required; but it seems well settled that, except on the issue of punitive damages, this does not mean spite or ill will or anything other than the improper purpose itself for which the process is used, and that even a pure spite motive is not sufficient where process is used only to accomplish the result for which it was created. . . .

> The essential elements of abuse of process, as the tort has developed, have been stated to be: First, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding.

■ Among the acts condemned by the law as subject to action for abuse of process are seizure of property not subject to the debt, overstatement of claims, or seizure of excessive property. See 1 Am.Jur.2d *Abuse of Process* § 9, *et seq.*

KRS 376.010(1) provides that a lien for labor or materials furnished for the erection of a structure shall attach to the structure, "and upon the land upon which the improvements were made . . . ." Here

the lien was admittedly asserted on other lands. The complaint herein stated a cause of action to which successful prosecution of the first action, by default judgment, was no defense.

Accordingly, judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.