Lonnie PENDLETON, Appellant,

v.

U.S. 60 ASSOCIATES, LLC; Doug Dawson; William Elliot Newton; Rick Newton; and Kim T. Newton, Appellees.

Doug Dawson, Appellant,

v.

U.S. 60 Associates, LLC, Appellee.

Nos. 2008–CA–000744–MR,
2008–CA–000802–MR.

Court of Appeals of Kentucky.

Jan. 29, 2010.

Discretionary Review Denied by Supreme Court Sept. 15, 2010.

forBrian N. Thomas, Winchester, KY, for appellant, Lonnie Pendleton.

M. Alex Rowady, Winchester, KY, for appellant, Doug Dawson.

Stephen L. Marshall, Lexington, KY, for appellee, U.S. 60 Associates, LLC.

No Briefs for Appellees William Elliot Newton; Rick Newton; and Kim T. Newton.

Before ACREE and LAMBERT, Judges; HARRIS,[1] Senior Judge.

## OPINION

ACREE, Judge.

Appellants, Lonnie Pendleton and Doug Dawson, seek reversal of the Clark Circuit Court's decision granting summary judgment in favor of Appellees, U.S. 60 Associates, LLC (Associates). The Circuit Court determined that Associates' subtenants, Pendleton and Dawson, were liable for unpaid rent. KRS 383.010(5) provides for the recovery of rent from whomever it is owed whether they are an assignee or undertenant. Therefore, we affirm.

On August 1, 1997, Associates leased a commercial property in Winchester, Kentucky, to Newton & Newton, Inc. (Newton). On March 1, 2000, Newton subleased the property to Dawson and Pendleton with Associates' consent. The primary term of the sublease ended on July 31, 2001. The lease contained an option to renew for two additional three-year terms, the first of which would commence on August 1, 2001. Absent 60 days written notice, renewal terms began automatically.

Pendleton and Dawson remained on the premises and as of August 1, 2004, paid $2,789.00 per month in rent.[2] According to the affidavit of Randy Bell, an authorized agent of Rosenstein Development, LLC and Associates' property manager, rent in the amount of $2,789.00 per month was paid by Pendleton and Dawson to Associates through May of 2005. Pendleton and Dawson failed to pay rent in June 2005, but rental payments resumed from July 2005 to November 2005. However, Pendleton and Dawson failed to pay city and county property taxes of $596.71 and $3,294.01, respectively, for 2005 as required by the sublease. Associates paid the aforementioned taxes on behalf of Pendleton and Dawson. In April of 2006, Associates mitigated damages by re-leasing the property.

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute(s) (KRS) 21.580.

2. The parties do not dispute the amount of monthly rental payments which increased in accordance with the sublease agreement at the renewal of the final term.

Associates filed suit on November 30, 2006, against Newton and its guarantors, as well as Dawson and Pendleton, claiming unpaid rent for June 2005 and for the period from December 2005 to April 2006, applicable late fees, and property taxes. Late fees were accrued for 29 days in June 2005 and every day after November 2, 2005.

Associates obtained default judgments against Newton and his guarantors. The Clark Circuit Court then granted summary judgment ordering Pendleton and Dawson to pay $16,734.00 in unpaid rent (6 months), $3,890.78 in unpaid property taxes, and $19,860.00 ($20.00 per day) in late fees.

The decision granting summary judgment in favor of Associates is reviewed *de novo*. See *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001).

At common law, a landowner may only recover directly from a subtenant if there is an assignment. Otherwise, there is a subtenancy and the landlord may not recover from the subtenant because there is no privity of contract. However, as discussed below, KRS 383.010(5) changes this result and allows a landowner to collect unpaid rent despite a lack of privity. Therefore, in this case, liability for unpaid rent is not contingent on finding an assignment.[3]

Pursuant to KRS 383.010(5) "[r]ent may be recovered from the lessee or other person owing it, or his assignee or undertenant[.]" This statute, "permits a recovery of rent from an undertenant or subtenant, as well as an assignee, but only for the rent accrued after his interest began." *Bowling v. Garber*, 250 Ky. 137, 61 S.W.2d

1102, 1104 (Ky.App.1933), citing KRS 2305, now recodified as KRS 383.010(5). KRS 383.010—unlike its predecessor, KRS 2305, which only allowed direct recovery through distress or attachment—allows for the recovery of rent "by distress, attachment *or action* [.]" KRS 383.010(1) (emphasis added). Therefore, Associates may recover unpaid rent via a direct action against Dawson and Pendleton for rent accrued during their subtenancy.

Next, it is necessary to determine what constitutes rent for the purposes of KRS 383.010(5). In this case, Associates seeks to recover unpaid rent, property taxes, and late fees. Pursuant to the terms of the sublease entered into by Pendleton and Dawson, the payment of utilities, taxes, and all other payments of money to be made under the terms of the sublease were "deemed additional rental ... and rent for all purposes, and if the sub-landlord [chose] to make any such payments on behalf of the sub-tenant, he [could do] so, and collect same as rent due and payable immediately upon the said payment[.]" An identical provision for the payment of property taxes and late fees was contained in the original lease. Thus, it is clear that rent for the property included the payment of a monthly rental, property taxes, and late fees when applicable.

The circuit court determined that rent for the period in question was owed by Pendleton and Dawson. Pendleton and Dawson did not set forth any facts indicating that they were not liable under the sublease. Instead, they argued only that any such liability was not owed to Associates but to their sublessor.

---

3. It should be noted that liability in this case does not require this court to impose the terms of the original lease upon the subtenant, as was the case in *Consolidated Coach Corp. v. Consolidated Realty Co.*, 251 Ky. 614, 65 S.W.2d 724 (Ky.App.1933). That case was decided under the common law and required the court to determine whether an assignment or sublease existed.

Therefore, because Associates may recover unpaid rent directly, pursuant to KRS 383.010(5), and no material issues as to whether Pendleton and Dawson owed the unpaid sums were raised, the decision of the Clark Circuit Court is affirmed.

ALL CONCUR.