**Marguerite McCARTHY, Plaintiff,**

v.

**KFC CORPORATION, d/b/a Kentucky Fried Chicken, et al., Defendants.**

**No. C 84–0888–L(B).**

United States District Court, W.D. Kentucky, Louisville Division.

March 26, 1985.

Maurice J. McCarthy, Chicago, Ill., Franklin S. Yudkin, Louisville, Ky., for plaintiff.

David J. Parsons, Chicago, Ill., Stephen B. Early, KFC Corp., Louisville, Ky., for defendants.

## MEMORANDUM

BALLANTINE, District Judge.

This action was transferred to this Court from the United States District Court for the Northern District of Illinois.

Plaintiff's complaint, which is in 7 counts, is before the Court on the motion of defendants to dismiss Counts III through VII and on the motion of defendant, R.J. Reynolds Tobacco Company, to dismiss, F.R.Civ.P. 12(b)(6).

### 1. COUNT III

Count III asserts a claim for the tort of outrage. The substance of the allegations is that defendants required plaintiff to work long hours, leading to the development of mononucleosis and that defendants mistreated plaintiff because she was female, that defendants placed plaintiff on probation and finally discharged her, that defendants prepared false memoranda concerning plaintiff, that defendants harassed plaintiff throughout unemployment compensation hearings, that defendants "undermined plaintiff in her work", and that defendants refused to transfer plaintiff.

Whether these allegations are sufficient to withstand a motion for summary judgment is a matter of conjecture. The Court is, however, faced with a Rule 12(b)(6) motion and in light of the fact that there is no discovery in the record as yet and in light of the holding of the Supreme Court of Kentucky in *Craft v. Rice*, Ky., 671 S.W.2d 247 (1984), the Court concludes that the allegations are sufficient to with-

stand a Rule 12(b)(6) motion, and the motion to dismiss Count III will be denied. In denying the motion, the Court does not intend to imply that plaintiff's claim for damages arising out of her alleged mononucleosis is cognizable in this action. A claim for illness arising from employment is within the exclusive jurisdiction of the Kentucky Workers Compensation Board. See KRS Chapter 342.

### 2. COUNT IV

■ Count IV alleges intentional interference with an employment relationship. This allegation is a paradigm of inconsistency when read in conjunction with the allegations of the complaint.

Count IV alleges that defendants Winkfield and Connor interfered with the plaintiff's employment by defendant KFC. While there is no specific allegation that Winkfield and Connor were agents of KFC, any conclusion that they were not would, for all practical purposes, leave plaintiff dead in the water as to her Title VII claims. For purposes of this portion of the memorandum, the Court will assume that Winkfield and Connor were agents of KFC.

The elements of tortious interference with a contract are set forth in *Restatement of Torts* 2d, Section 766, and cited with approval in *Carmichael-Lynch-Nolan Etc. v. Bennett Etc.*, Ky.App., 561 S.W.2d 99 (1977):

> "We feel confident ... that the Restatement of Torts [Section] 766 presents the correct guidelines. [Section] 766 provides,
>
> [e]xcept as stated in Section 698, one who, without a privilege to do so, induces or otherwise causes a third person not to
>
> (a) perform a contract with another, or
>
> (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby." 561 S.W.2d at 102.

Since it is hornbook law that a corporation can act only through its agents, alleged acts of Winkfield and Connor were the acts of the corporation and there is

simply no third party involved in the controversy. This fatal defect dictates that Count IV be dismissed.

### 3. COUNT V

■ Count V alleges abuse of process. The substance of this allegation seems to be that KFC resisted plaintiff's claim for unemployment insurance benefits. This count of plaintiff's complaint borders on the frivolous.

As noted in *Prosser and Keaton on Torts*, 5th Ed. (West, 1983): "... it is clear that the *judicial* process must in some manner be involved." *Id.* at page 898 (emphasis added). In *Bonnie Braes Farms, Inc. v. Robinson*, Ky.App., 598 S.W.2d 765 (1980), the court articulated the elements of the tort of abuse of process:

> "Abuse of process may be defined as the irregular or wrongful employment of a judicial proceeding. (Citation omitted.) The essential elements of the tort include (1) an ulterior purpose and (2) a wilful act in the use of the process not proper in the regular conduct of the proceeding. * * * * Judicial process may broadly be defined as all acts of the court, from the beginning of the proceeding to its end; a more narrow definition is the means of compelling a defendant to appear in court." 598 S.W.2d at 766.

The *Bonnie Braes* court relied on *Stoll Oil Refining Co. v. Pierce*, Ky., 337 S.W.2d 263 (1960), in which the court wrote: "... abuse of process ... is the technical designation of the illegal or wrongful employment of a judicial proceeding although it is generally the malicious use of the process." 337 S.W.2d at 266.

This Court is not prepared to treat hearings before an unemployment compensation hearing officer, who may or may not be a lawyer, as "judicial proceedings" and Count V will be dismissed.

### 4. COUNT VI

This count, although titled "Wrongful Discharge", appears to be a veritable salmagundi of claims.

■ There is a claim for wrongful discharge which is not alleged to have resulted from plaintiff's assertion or exercise of a constitutional or statutory right, nor is there any allegation of a written contract of employment. Plaintiff is therefore without the protection of *Firestone Textile Co. v. Meadows*, Ky., 666 S.W.2d 730 (1983), and she is no more than an employee at will. In that circumstance, she is subject to the "terminable at-will" doctrine set forth in *Scroghan v. Kraftco Corp.*, Ky. App., 551 S.W.2d 811 (1977), cited with approval in *Meadows*.

■ Plaintiff next offers the astounding claim that her discharge violated her constitutional rights under the Fourteenth Amendment. The Fourteenth Amendment is directed at state action and the use of "Kentucky" in defendant's name doesn't raise defendant's actions to the level of state involvement.

■ Plaintiff also offers the gratuitous observation that the Kentucky Unemployment Commission found that plaintiff was not terminated for just cause. If this allegation is an attempt to have the Court give preclusive effect to that finding, the attempt is fruitless. Even if the Court were to elevate the decision of the Commission to the level of an arbitrator's award, it cannot be given preclusive effect. *McDonald v. City of West Branch, Michigan*, — U.S. —, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984).

■ The next few paragraphs in Count VI apparently attempt to assert a claim of defamation arising out of the preparation of personnel memoranda by plaintiff's superiors. If plaintiff is attempting to assert a claim for defamation, the allegations fail woefully short of alleging any factual predicate for such an action. Whether the allegations, even if sufficient to withstand a Rule 12(b)(6) motion, are subject to the defense of privilege is a question we do not decide.

In sum, Count VI fails to state a claim and it will be dismissed.

## 5. COUNT VII

■ This Count alleges fraud and deceit and was apparently prepared without any consideration of F.R.Civ.P. 9(b).

In response to defendant's motion to dismiss this count, plaintiff suggests that defendant should have moved for a more definite statement. This suggestion is so absurd as to merit no further comment except to note that plaintiff's memoranda setting forth what she argues is the particularity required by Rule 9 does not satisfy the rule.

Count VII will be dismissed.

## 6. MOTION OF DEFENDANT, R.J. REYNOLDS COMPANY, TO DISMISS

■ Plaintiff's allegations against R.J. Reynolds are, in their entirety, as follows: "R.J. Reynolds Tobacco Company owns KFC Corporation and Kentucky Fried Chicken, a Delaware corporation." (Complaint, page 2). Plaintiff's response cites no authority except a broad statement from ALR 3d which is totally inapplicable to this situation.

In short, being the owner of KFC is not actionable absent some allegation that even arguably would satisfy the broad statement from ALR 3d.

The complaint against R.J. Reynolds Tobacco Company will be dismissed.

## CONCLUSION

The Court has reviewed the complaint and the memoranda in opposition to defendant's motion. The Court is appalled at the cavalier disregard of the local rules by local counsel and of the principles of brief writing.

The court is cited to cases from foreign jurisdictions and from law review articles. See pages 2 (1982 and 1983 Annual Reports of R.J. Reynolds Tobacco Company); 3 (Harvard Law Review); 4 (Pennsylvania and Arkansas state court cases); 5 (Harvard Law Review, American Bar Association Journal, Massachusetts Law Review); and 6 (a District of Columbia case reported

in the Atlantic Reporter). The Court would call counsel's attention to Local Rule 8(e).

The Court is also treated to the digest of as yet unreported cases by the Kentucky courts. Whether this is in violation of the spirit of Ky.R.Civ.P. 76.28(4)(c) may be a matter of conjecture. What is distressing to the Court is that in at least two instances counsel admits that he doesn't know whether or not the opinions are final.

Next, in what has to be the most blatant example of the disregard of the Rules of Civil Procedure, the rules of this Court, and common sense, plaintiff files a copy of a newspaper article in support of a memorandum filed in total disregard of Local Rule 10(a).

Finally, the Court has been treated to a copy of an opinion of Jefferson Circuit Judge Schroering upholding the award of the Kentucky Unemployment Commission. We have addressed this decision earlier in this memorandum and make no further comment.

The Court has said enough and concludes this memorandum with an admonition to counsel to be prepared to answer a motion for sanctions under F.R.Civ.P. 11 if the Court is assaulted with any more such documents as presently clutter this record. Defendant's pending motion for sanctions under Rule 11 will be denied.