922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marguerite McCARTHY, Plaintiff-Appellant,
v.
KFC CORPORATION, d/b/a Kentucky Fried Chicken, Marvin
Winkfield, Scott Conner, and Robert E. Lee,
Defendants-Appellees
 No. 90-5335.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1991.
 
 Before NATHANIEL R. JONES, DAVID A. NELSON and BOGGS, Circuit Judges
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Marguerite McCarthy brought this action against her former employer, the KFC Corporation, alleging violations of Title VII, the Equal Pay Act, and a state law claim for the tort of outrage. The district court granted KFC's motion for summary judgment on all three claims. We affirm.
 
 
 2
 * Marguerite McCarthy was hired by the KFC Corporation in 1978 as a Specifications Coordinator with a salary of $19,600/year. In March 1980, McCarthy's job title was changed to Senior Project Manager, and her salary raised to $21,400/year. In May 1980, McCarthy requested and received a transfer to the Marketing Department, where she worked under defendant-appellant Robert Lee. McCarthy received pay increases in August 1980, to $24,000.00, and in August 1981, to $26,700.00.
 
 
 3
 In the spring of 1982, McCarthy was promoted to Associate Marketing Manager at a salary of $31,000/year. In the new position she worked under the supervision of defendant-appellants Scott Conner and Marvin Winkfield. On April 14, 1983, Winkfield told McCarthy that she had been placed on probation because of poor work performance, poor attitude, and failing to keep him informed of her activities. McCarthy responded with a memo defending her actions and requesting a transfer to another division. McCarthy sent copies of her memo to two senior members of KFC management. In a letter dated May 27, 1983, Winkfield informed McCarthy of her termination.
 
 
 4
 On January 31, 1984, McCarthy filed an action in the U.S. District Court for the Northern District of Illinois alleging seven causes of action against KFC, Winkfield, Conner, and Lee. The action was then transferred to the U.S. District Court for the Western District of Kentucky, Judge Thomas A. Ballantine, Jr., presiding. On March 26, 1985, the district court dismissed four of the seven counts in response to KFC's motion to dismiss, leaving Title VII, Equal Pay Act, and tort of outrage claims. McCarthy v. KFC Corp., 607 F.Supp. 343 (W.D.Ky.1985). On February 5, 1990, the district court granted KFC's motion for summary judgment with respect to the three remaining claims. This timely appeal followed.
 
 II
 
 5
 We review de novo the district court's grant of a motion for summary judgment. City Communications, Inc. v. City of Detroit, 888 F.2d 1081, 1084 (6th Cir.1989). The summary judgment standard provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).
 
 
 6
 McCarthy's Title VII claims under both disparate impact and disparate treatment theories are analyzed under the framework set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973). McCarthy has the initial burden of establishing a prima facie case. Once a prima facie case is established, the burden shifts to KFC "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. at 802. McCarthy then must demonstrate that the employer's reasons were a pretext for discrimination. Id. at 804.
 
 
 7
 The district court found that McCarthy had created a prima facie case because of a factual discrepancy as to whether KFC intentionally discriminated against her, based on evidence which contradicted statements in Winkfield's probation letter. KFC, however, articulated nondiscriminatory reasons for the probation and discharge: (1) McCarthy sent her marketing proposals to others outside the marketing department, after being instructed not to do so; (2) McCarthy complained about or "discussed critically" Marketing Department policy with others within and outside the Marketing Department; and (3) testimony that McCarthy had difficulty "getting along" with her co-workers. J.App. at 593-94, 593 n. 7. The district court concluded that McCarthy's evidence of disparate treatment was insufficient to withstand a summary judgment motion. We agree with the district court that McCarthy has failed to prove that the reasons for her firing were a pretext for discrimination.
 
 
 8
 Regarding the failure to promote claim, the district court analyzed employment histories of various male and female employees and found no difference in pay scales. McCarthy argues that the district court did not properly evaluate her statistical evidence and regression analysis. McCarthy presented the testimony of three experts, Dr. Jensen, Dr. Svetska, and Dr. Cieka, who testified that females at KFC received lower pay than males. J.App. at 936. Dr. Jensen testified that "there is inconsistency between what it is McCarthy was doing and how people were commending her for the work and the termination itself and the termination letter." J.App. at 1528; Brief for Appellant at 3-6. At best, however, McCarthy's evidence only indicates that KFC may have utilized subjective criteria to arrive at its decision to terminate her. Under the standards in Watson v. Fort Worth Bank and Trust, 108 S.Ct. 2777 (1988), "where an employer combines subjective criteria with the use of more rigid standardized rules or tests, the plaintiff is in our view responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities." Id. at 2788. We find that McCarthy has not identified which specific KFC employment practices were responsible for any statistical disparity; therefore, her disparate impact claim does not meet the standard required by Watson. Thus, we conclude that the district court correctly granted summary judgment on McCarthy's Title VII claim.
 
 III
 
 9
 The Equal Pay Act, 29 U.S.C. Sec. 206(d), prohibits discrimination in wages of employees on the basis of sex. If a prima facie case is established, the employer can justify the difference through a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or "any other factor other than sex." Id. McCarthy contends that her statistical evidence establishes disparate pay due to gender. However, one element of establishing a prima facie case is to demonstrate that the work was for jobs which require "equal skill, effort, and responsibility, and which are performed under similar working conditions." Id. McCarthy's primary evidence was a regression analysis study. The author of the study concluded that there was "a pattern of different treatment between males and females which is not in accord with the Fair Labor Standards." J.App. at 1516. The study, however, evaluated work experience solely as the number of years beyond the completion of education, and did not address qualitative differences in employment histories. J.App. at 1545-56. Thus, the study failed to adequately consider how seniority or food-service industry experience impacted on differences in pay at KFC. Similarly, the study arbitrarily assigned an MBA a value twice that of a college degree and ten times that of a high school education, without any indication that these values were actually used at KFC, or had any external validity. Because McCarthy fails to meet this aspect of a prima facie test, her efforts to establish a prima facie case fall short.
 
 IV
 
 10
 McCarthy also argues that she established the common law tort of outrage. The Kentucky Supreme Court has stated that "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability" for the tort of outrage. Craft v. Rice, 671 S.W.2d 247, 251 (Ky.1984). There was no evidence of criminal harassment, a concept that the district court found analogous to outrage. We agree that there was no intentional or reckless purpose to cause McCarthy severe emotional distress.
 
 IV
 
 11
 For the foregoing reasons, the judgment of the district court is AFFIRMED.