82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shane McCOWN; Danny McCown, Plaintiffs-Appellees,
v.
Charles HARMON; Rodney Newsome, Defendants-Appellants,
City of Wheelwright, Defendant.
 No. 95-6081.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and O'MALLEY, District Judge.*
 
 ORDER
 
 2
 Charles Harmon and Rodney Newsome appeal a district court grant of summary judgment for plaintiffs entered upon their counterclaim in this civil rights action filed under 42 U.S.C. § 1983. The parties have expressly waived oral argument. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs filed their complaint in the district court alleging, inter alia, that they were arrested without probable cause by the individual defendant Wheelwright police officers. Plaintiffs named as defendant the City of Wheelwright in addition to these two individual defendant former police officers. The individual defendants filed an answer and counterclaim in which they averred that: (1) plaintiffs conspired with Wheelwright City Commissioners to have defendants fired; and (2) plaintiffs' § 1983 action constitutes an abuse of process. After the district court granted summary judgment for the City of Wheelwright, and for the individual defendants on the basis of qualified immunity, the district court granted a joint motion to voluntarily dismiss plaintiffs' remaining claims and to hold defendants' counterclaim in abeyance pending a report by defendants regarding whether a trial would be necessary.
 
 
 4
 Defendants notified the court that a trial on their counterclaim would be necessary and filed a pretrial brief. Plaintiffs filed a motion for summary judgment, and defendants did not respond in opposition. The district court granted summary judgment for plaintiffs. Defendants filed a timely notice of appeal.
 
 
 5
 On appeal, defendants contend that: (1) the district court should not have exercised its supplemental jurisdiction over their state law claims following dismissal of plaintiffs' federal claims; and (2) a genuine issue of material fact remains with respect to their state law claims in any event. Plaintiffs respond that summary judgment was proper and that defendants' contentions on appeal were not asserted in the district court. Both parties have expressly waived oral argument on appeal. Upon consideration, the judgment of the district court is affirmed.
 
 
 6
 Initially, it is noted that the district court properly exercised its supplemental jurisdiction under 28 U.S.C. § 1367 over defendants' state law claims under the circumstances of this case. Generally, a decision to exercise or decline supplemental jurisdiction will be reviewed on appeal only for an abuse of the district court's discretion. See Southerland v. Hardaway Management Co., 41 F.3d 250, 256-57 (6th Cir.1994); Landefeld v. Marion Gen. Hosp., Inc., 994 F.2d 1178, 1182 (6th Cir.1993); see also Sweeton v. Brown, 27 F.3d 1162, 1172-73 (6th Cir.1994) (en banc) (Jones, J., dissenting), cert. denied, 115 S.Ct. 1118 (1995). Although state claims should generally be dismissed where all federal claims have been dismissed before trial, "(a) district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." Landefeld, 994 F.2d at 1182 (citations omitted). Here, the district court did not abuse its discretion in granting summary judgment for plaintiffs.
 
 
 7
 Moreover, summary judgment for plaintiffs was proper. A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party cannot rest upon its pleadings, see Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir.1995) (per curiam); United States v. WRW Corp., 986 F.2d 138, 143 (6th Cir.1993), but is required to show more than a metaphysical doubt as to the material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Here, summary judgment for plaintiffs was proper.
 
 
 8
 Defendants did not specifically plead a cause of action for tortious interference with a contract in their counterclaim. Rather, defendants alleged only that plaintiffs "conspired to have Defendants fired from their positions." In their pretrial brief, defendants couched this claim in terms of tortious interference with contract rights. However, defendants have not addressed the elements of the tort under state law. Further, defendants cannot show a genuine issue of material fact remaining for trial insofar as defendants can be deemed to have pleaded a claim of tortious interference with a contract.
 
 
 9
 To establish a tortious interference with a contract cause of action under Kentucky law, defendants must show that plaintiffs interfered with a contract of employment with an improper purpose. See NCAA v. Hornung, 754 S.W.2d 855, 858-59 (Ky.1988). A breach of contract is an element of the tort. Beard v. Carrollton R.R., 893 F.2d 117, 123 (6th Cir.1989); Industrial Equip. Co. v. Emerson Elec. Co., 554 F.2d 276, 289 (6th Cir.1977). Seven factors used to determine whether interference was improper are: (1) the nature of the actor's conduct; (2) the actor's motive; (3) the interests of the other with which the actor's conduct interferes; (4) the interest sought to be advanced by the actor; (5) the social interests in protecting the freedom of action of the actor and the contractual interests of the other; (6) the proximity or remoteness of the actor's conduct to the interference; and (7) the relations between the parties. Eastern Ky. Resources v. Arnett, 892 S.W.2d 617, 619 (Ky.Ct.App.1995) (citing Restatement (Second) of Torts § 767 (1979)). Defendants alleged no breach of contract, and no genuine issue of material fact exists with respect to whether plaintiff's conduct was improper.
 
 
 10
 Essentially, plaintiffs do not deny that they complained to Wheelwright City Commissioners about defendants' behavior in effecting their arrests. However, plaintiffs deny that they conspired with anyone to have defendants fired or that they asked that defendants be fired. Moreover, the record reflects that defendants ostensibly were fired because they violated a city policy limiting their police activities to the City of Wheelwright. Further, plaintiffs contend that any complaints expressed to Wheelwright City Commissioners were not improper. Again, defendants did not respond to plaintiffs' motion for summary judgment. Defendants can point to no facts which would establish a genuine issue of material fact remaining for trial with respect to whether plaintiffs' conduct was improper or caused a breach of an employment contract. Accordingly, summary judgment for plaintiffs was proper insofar as defendants' pleaded a tortious interference with a contract claim.
 
 
 11
 Similarly, defendants cannot show a genuine issue of material fact remaining for trial with respect to their abuse of process claim. Under Kentucky law, abuse of process is defined as the wrongful use of legal process for some purpose other than that intended by law. Raine v. Drasin, 621 S.W.2d 895, 902 (Ky.1981). Again, defendants must establish that plaintiffs acted with an improper or malicious purpose. See McCarthy v. KFC Corp., 607 F.Supp. 343, 345 (W.D.Ky.1985). Here, defendants' counterclaim included only a conclusory allegation that plaintiffs' complaint herein constitutes an abuse of process. Defendants did not address this claim at all in their pretrial brief. On appeal, defendants merely reiterate their conclusory allegation that plaintiffs' civil rights action constitutes an abuse of process. As noted, the district court granted summary judgment to defendants on the ground that defendants enjoy qualified immunity from suit for money damages with respect to plaintiffs' civil rights claims. Thereafter, plaintiffs voluntarily dismissed their remaining claims. Review of the record reveals no evidence that plaintiffs acted with an improper purpose in filing their civil rights action. Defendants point to no genuine issue of material fact remaining for trial with respect to this claim. Under these circumstances, summary judgment for plaintiffs was proper with respect to defendants' abuse of process claim.
 
 
 12
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation